No. 12,746.

EDWARD WHALING VS. JOHN WELLS.

*Action sounding in damages for malicious prosecution.*

Dismissed by court below on exception of no cause of action, on the ground that
the ruling of the committing magistrate, remanding the accused, or placing
him under bond, for trial before the District Court instead of discharging him,
was evidence of *probable cause*, and this appearing from the petition it pre-
cluded recovery.

Reversed and remanded, the court holding that the commitment to appear for
trial is but *prima facie* evidence of *the existence* of probable cause.

APPEAL from the Civil District Court for the Parish of Orleans.
King, J.

---

*W. J. Waguespack* for Plaintiff, Appellant.

*E. S. Whitaker* for Defendant, Appellee.

Submitted on briefs March 25, 1898.
Opinion handed down April 4, 1898.

The opinion of the court was delivered by

BLANCHARD, J.    This is an action for malicious prosecution.    Damages are laid at ten thousand dollars.

The substantial averments of the plaintiff are:

That in March, 1896, defendant caused his prosecution on the charge of breach of trust and embezzlement, with intent to cheat and defraud, under Sec. 905 of the Revised Statutes.

That the affidavit was made before the recorder's court of the city of New Orleans, from which the writ of arrest issued.

That he was brought before the recorder, sitting as a committing magistrate, and was committed to appear before the Criminal District Court of the parish of Orleans under a bond of five hundred dollars, which he was unable, at first, to furnish and was lodged in the parish prison, where he remained five days when he was released, having meanwhile procured a bondsman.

That, subsequently, the District Attorney filed an information against him on the charge referred to, based upon the affidavit made by the defendant.

That he was tried before a jury on this information; the charge was found to be frivolous, and the prosecuting officer himself requested the jury to return a verdict of not guilty, which they did without leaving their seats.

That the defendant knew the affidavit made against him (plaintiff) was false; that he had no probable cause for making same; and that the prosecution was wantonly wrongful, illegal and malicious, done for the sole purpose of vexing, humiliating and injuring plaintiff.

Defendant appeared and filed an exception of no cause of action, which was sustained and the suit dismissed.

Plaintiff appeals.

It is a familiar rule of practice that for the purpose of the trial of an exception of no cause of action, all the allegations of the petition are taken as true.

We think the allegations of this petition disclose a cause of action.

The trial judge did not state the grounds upon which he sustained the exception, but we gather, from the briefs of counsel, that it was because of the action of the recorder in committing the accused for trial instead of discharging him, and from this it was held that *probable cause* was shown, and this appearing from the petition, it precluded recovery.

We do not think the allegation in the petition, that the Recorder committed the accused to appear before the Criminal Court, a sufficient showing of *probable cause* for the initiation of the prosecution, to justify the ruling that the complaint disclosed no cause of action.

The commitment to appear for trial was *prima facie*, not conclusive, evidence of probable cause. A. and E. Ency. of Law, Vol. 14, p. 67.

It has frequently been held that the *discharge* of an accused person by a committing magistrate is *prima facie* evidence of the *want* of probable cause and shifts the burden of proof on the defendant sued for malicious prosecution. Brown vs. Vittur, 47 An. 607; Bornholdt vs. Souillard, 36 An. 103; Plasson vs. Lottery Co., 34 An. 246.

The same reasoning justifying the conclusion reached in those cases sustains the converse of it, viz.: that *the commitment* by the magistrate is but *prima facie* evidence of *the existence* of probable cause.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and reversed, and that the cause be remanded to the lower court to be proceeded with according to law —costs of appeal to be taxed against defendant and appellee.