No. 13,383.

S. J. ENDERS vs. JOSEPH BOISSEAU.

SYLLABUS.

If affiant makes oath against a party charging him with the commission of a crime for which he is thereunder arrested, he will not be mulcted in damages, notwithstanding his subsequent discharge, if there was probable cause for the charge being preferred.

APPEAL from the First Judicial District, Parish of Caddo—*Land, J.*

---

*D. T. Land* for Plaintiff, Appellant.

---

*John R. Land* and *Leonard & Randolph* for Defendant, Appellee.

---

The opinion of the court was delivered by

WATKINS, J.   The object of this suit is to recover of the defendant, the sum of ten thousand dollars damages for a malicious prosecution of the plaintiff, under the following alleged state of facts:

That on or about the 11th of November, 1898, defendant appeared before a justice of the peace and made affidavit that "on information furnished to him" plaintiff did "on or about the 10th day of November, 1898, unlawfully and feloniously shoot at one, Saymour, with intent to kill and murder him".

That under said charge, a warrant for his arrest was issued by the said justice of the peace, and that he was thereunder arrested by a constable and held in custody until he furnished an appearance bond, and which he did thereafter furnish, and was, thereupon, released from custody.

Petitioner represents that the grand jury which convened in the month of January, 1899, ignored said charges made by the defendant;

and he was, thereupon, discharged by order of the district court from any further prosecution thereupon.

On the foregoing statement, the petition represents that the allegations made in said affidavit "are and were false, slanderous and libelous, and were made by the said Boisseau wilfully, maliciously and without probable cause"; and that he acted unlawfully, maliciously and without probable cause in causing petitioner to be arrested and falsely imprisoned on said charge.

Petitioner further represents that the plaintiff has been damaged "by the insult and affront to his good name and reputation in the community in which he lives, and for the vexation, humiliation, annoyance and outrage to his feelings, in the sum of five thousand dollars; and that, by being arrested and falsely imprisoned on said charges, he has been damaged, by being deprived of his personal liberty, and by the insult, and affront of his good name and reputation in the community in which he lives, and by the vexation, humiliation and annoyance to his feelings in the sum of five thousand dollars."

The answer of the defendant denies, generally and specially, all the allegations of the petition, except those admitted. He avers that he is an old man, the father of a family, and that during the month of November, 1898, he was reliably informed that plaintiff did maliciously cut and destroy hunting blinds, or stands, owned by one of his sons in Cross Lake, near Shreveport, and that the plaintiff had threatened to kill, and actually shot at the servant of his son, one Saymour Glass, with intent to kill him. He avers that in the interest of peace between his said sons and the plaintiff, and the rest of the community, he approached said plaintiff with a view of settling the controversy which had arisen out of said acts of the plaintiff, but that he refused to repair the injuries he had caused, "although he admitted he had destroyed the hunting, or shooting blind" of his son.

He further avers, "that with good motives, probable cause and with justifiable ends, he repaired to the office of a justice of the peace, and, representing the facts to him, was advised by said justice that the legal course was to cause a warrant to issue for the arrest of the plaintiff for malicious mischief, and for shooting at said Saymour Glass with intent to kill"; and that he "thereupon made the affidavit referred to in the petition."

He avers, further, that he had been reliably informed, and had good cause to believe it to be true, that plaintiff had maliciously destroyed

the shooting blinds and shot at Saymour Glass; and that plaintiff admitted to him the commission of the first named crime prior to the arrest.

"Respondent avers, that the said Enders applied for a preliminary examination on or about November 18th, 1898, before Judge A. D. Land of the district court; and as a result of same, he was held to answer the action of the grand jury on both charges, and was refused a dishcarge.

&ast; &ast; &ast; &ast; &ast; &ast;

"Respondent further avers, that immediately thereafter, the said Enders pleaded guilty to the first charge of malicious mischief, and was sentenced to pay a fine and costs, as per record in No. 5908 D. C., criminal docket, hereto annexed.

"Respondent avers further, that when the other charge of shooting at Saymour Glass, (he, the said Enders having been arrested at the same time on both charges,) came before the grand jury, your respondent was not summoned and did not appear before the said grand jury, and is not advised as to the reason for its failure to find a bill.

"He avers that his course in this matter was dictated without malice, and that he had probable cause for the action taken; and that the same was in the interest of public order.

"He avers that the plaintiff is wholly unjustifiable in bringing this suit; and it is done to harass your respondent, and to cause him expense; and has damaged your respondent in the sum of five hundred dollars attorney's fees to defend this suit."

The premises considered, he prays to be hence dismissed with costs, and that he have judgment in reconvention against the plaintiff for the sum of $500.

Upon these issues, the case went to trial before a jury, who rendered a verdict in favor of the defendant, from which the plaintiff prosecutes this appeal.

In our conception, this is an action for the damages that are alleged to have resulted from a malicious prosecution, pure and simple, notwithstanding the dual character of the plaintiff's demand as set forth in his petition; because the alleged slanderous and libelous averments made in the affidavit of the defendant resulted in the arrest of the former under a warrant immediately afterwards, and thus constituted one continuous transaction.

The learned judge of the lower court entertained this view of the law, and thus instructed the jury in his charge—the same being in writing and incorporated in the transcript—and in support of his instruction he cites Dearmond vs. St. Amant, 40th Ann., 374, in which Mr. Justice Fenner in speaking for the court, made the statement of the law applicable to slander and malicious prosecution *when combined,* viz:

"The defamation of character alleged, consists merely in making " public statements that plaintiff was guilty of a crime for which he " was arrested and prosecuted upon the affidavit of defendant.

"Manifestly, the slander merged in the prosecution, and if the pros-" ecution is not actionable, neither is the slander."

Evidently for a much stronger reason, were the alleged slander and libel merged into the prosecution of the plaintiff in the case under consideration, as the allegation of the petition is, that the slanderous and libelous utterances of which complaint is made, were *set out in the affidavit made* by defendant, whereas in the case quoted, they consisted *"in public statements* that the plaintiff was guilty of the crime " for which he was arrested and prosecuted upon the affidavit," etc., entirely outside of the affidavit.

It is upon this hypothesis that the judge correctly charged the jury, and that they considered and decided the case.

As we are of opinion that the reproduction of his charge will greatly facilitate a proper understanding of the cause, we give it *in extenso.*

"Plaintiff sues for $5000 damages for slander, and $500 damages for a malicious prosecution. 'The slander is merged in the prosecution, and if the prosecution is not actionable, neither is the slander'. Dearmond vs. St. Amant, 40th Ann., 374—33 Ann., 1265.

"In order to maintain an action for a malicious prosecution, two things must concur:

"1. The motive of the party instituting, or prosecuting the suit must have been malicious.

"2. The suit or proceeding complained of must have been instituted without any probable cause therefor.

" 'It is the malice composed of bad feeling and the knowledge of the want of a probable and just cause, which create a liability. Public interest and a proper administration of justice require that actions for malicious prosecutions should not be maintained without clear

proof of malice and want of probable cause.' Bulet vs. Mullen, 44 Ann., 194.

" 'Probable cause consists in an honest belief, based on reasonable grounds, in the guilt of the person accused.' Steed vs. Knowles, 79 Ala., 446.

"In a suit for damages for malicious prosecution, the presumption of want of probable cause, following from the acquittal or discharge of the accused, can be successfully rebutted by evidence showing, that the party provoking the prosecution acted on information reasonably calculated to cause and lead a man of ordinary caution and prudence to believe and entertain an honest and strong suspicion of the guilt of the party accused. Plassan vs. Lottery Co., 34 Ann., 426.

"A commitment in a criminal case is *prima facie* evidence of probable cause.

"A discharge, or acquittal in a criminal case is *prima facie* evidence of want of probable cause. Whaling vs. Wells, 50 La. Ann., 562.

"An arrest without probable cause raises a presumption of malice. 29 Ann., 172.

"This presumption may, however, be rebutted by evidence showing that the party prosecuting, acted on information reasonably calculated to cause and lead a man of ordinary caution and prudence to believe, or entertain an honest and strong suspicion of the guilt of the party accused.

"If you find from the evidence that defendant made the affidavit in question maliciously and without probable cause, you will find a verdict for the plaintiff for such reasonable sum as will in your conscientious judgment compensate him for his alleged physical and mental suffering, and injury to his credit, reputation and character.

"On the contrary, if you should find from the evidence that the defendant had probable cause for making such affidavit, you will find a verdict for the defendant."

Counsel for the plaintiff requested the judge *a quo* to give to the jury ten special charges, which are stated in full in his brief, but which need not be reproduced, for it is sufficient to say, that they are to the general effect, that unless the defendant proves that the charge made in the affidavit is true, the plaintiff is liable in damages; that if the grand jury ignored the charge, it is sufficient proof of a want of probable cause; that malice is inferable from a want of probable cause—and others of a kindred character.

We are of opinion that they were all properly disposed of in the judge's general charge.

The only other ground that is seriously pressed by plaintiff's counsel is, that the judge erred in permitting parol testimony to be adduced as to the outcome of the preliminary examination of the plaintiff; and we think that objection was correctly disposed of, for two reasons, (1) that the proceedings were not all reduced to writing; (2) that plaintiff's counsel testified that the plaintiff was held as the result of the preliminary examination.  As a matter of fact, there can be no doubt of this.

The facts of this case are very fairly stated in the answer, and the averments therein made are substantially confirmed by the witnesses.

This case is quite similar to that of Dearmond vs. St. Amant, cited *supra*.

The facts of that case were, that an evident attempt had been made to burn the defendant's store in the night-time, and he set detectives to ferret out the perpetrator; and that, after several days thus employed, and having obtained what he supposed was satisfactory evidence of the plaintiff's complicity in the crime by means of a confession, he made an affidavit against him, and caused his arrest under a warrant, and incarceration in jail.

It transpired subsequently that the confession had been extorted thorugh duress and promises of release from confinement, and upon a preliminary examination before the district judge, he was discharged after an imprisonment of one week.

The District Attorney, subsequently, entered a *nolle prosequi* of the prosecution.

On this state of facts the court in its opinion expressed the following sound and universally accepted principles of law, as applicable thereto, viz:

"If plaintiff is innocent of the heinous charge, as the law presumes him to be, he has undoubtedly suffered a great wrong; and for him to be compelled to bear it without redress is, indeed, a hardship, but it is one of those sacrifices which the individual is required to make to the interests of society.

"It is not only the lawful right, but the civil duty of every citizen, to set on foot criminal proceedings whenever he believes, honestly, and on reasonable grounds, that crime has been committed.

"The social interests require, and the law invites him thus to aid the State in the discovery and punishment of crime; and it would be equally unjust and impolitic to make him a guarantor of the success of the prosecution, or to make its failure an actionable wrong.

"Hence the law wisely holds the prosecutor harmless in such a case, notwithstanding the acquittal of the person accused, unless his conduct has been tainted by two concurrent vices: (1) Malicious motive; (2) want of probable cause, *i. e.* absence of reasonable grounds for believing in the truth of the charge made."

In that case the jury awarded damages in favor of the plaintiff, but this court set aside the verdict and rendered judgment in favor of the defendant, rejecting the plaintiff's demand.

In our view the facts of the instant case are stronger in favor of the defendant, in two particulars than those of the case stated, *i. e.* (1) in that the plaintiff was upon the preliminary examination before the district judge, placed under bond to appear and answer such charge as the grand jury might find against him; (2) and that the defendant was not summoned as a witness to appear before the grand jury when the matter was taken up for investigation, and he was not advised *when* it was to be investigated by that body.

Our conclusion is that the proof discloses, that the defendant had probable cause for making the affidavit for the arrest of the plaintiff, and that he was not actuated by malice, but acted upon reasonable grounds for the belief that the plaintiff was guilty of the charge preferred against him.

Judgment affirmed.

Rehearing refused.