FOURNET, Justice.
 

 Plaintiff, having been charged jointly with her attorney at the instance of the defendant Unity Industrial Life Insurance and Sick Benefit Association of New Orleans, Inc., through defendant Henry L. Wilcox, its manager, with the crime of forging and uttering as true the name of the beneficiary of life insurance policy No. 28,377, issued by the company to Elisker Niles, assured, which charge was nolle prosequied by the office of the district attorney for Orleans Parish, seeks to recover damages against the defendants for malicious prosecution;
 

 The defense is that the charge was made without malice and with probable cause.
 

 There was judgment in the lower court against defendants in solido in the sum of $250, and they have appealed.
 

 The history of the case reveals that the plaintiff, claiming to be the named beneficiary in the policy, made demand, through her attorney, for payment of the amount due the beneficiary under the terms of the policy, and that when the company failed to pay the amount promptly she filed suit. The defendant company’s records did not show that plaintiff was the beneficiary named in the policy, and, upon examination, it was discovered that the name of the beneficiary had been changed in an irregular manner, in that the name of plaintiff was written in lead pencil over the name of the original beneficiary which was written in the policy with pen and ink. The original name was not erased. These facts.
 
 *352
 
 aroused the suspicion of the defendant company and, after a discussion of the matter with its private attorney and acting upon his advice, it submitted the writing on the policy, together with the signature and admitted writings of plaintiff’s attorney, to Dr. L. Schulhofer of Birmingham, Alabama, an examiner of questioned documents, who furnished them with an apodictic report in which he expressed the opinion that plaintiff’s attorney had written plaintiff’s name as beneficiary in the policy. Upon receipt of this report, defendant Wilcox, accompanied by his attorney, submitted to the first assistant district attorney the entire record, consisting of plaintiff’s petition, the policy sued on, the report of Dr. Schulhofer, and the documents attached to his report, including the admitted writings of plaintiff’s attorney. After looking over these documents, the assistant was of the opinion that a crime had been committed and that a charge should be made against the plaintiff and her attorney, but before accepting the charge, he placed the matter before the district attorney for his attention. Several days thereafter defendants were advised and requested by the district attorney’s assistant to prefer charges against plaintiff and her attorney, whereupon defendant Wilcox signed the affidavit charging plaintiff and her attorney with the crime of forging and uttering as true the name of the beneficiary in the life insurance policy and the district attorney’s assistant to whom the matter was submitted for action filed the required bill of information against them.
 

 Plaintiff, an old colored woman seventy-, one years of age, was arrested in the court room on the morning of March 2, 1937, while waiting for her suit against the defendant company to be tried in the First City Court for New Orleans. She was placed in the Third Precinct Police Station, remaining there from ten-thirty o’clock in the morning until two in the afternoon, when she was transferred to the Parish Prison, where she remained until about five o’clock on the afternoon of March 4, 1937, when she was released after furnishing bond.
 

 On May 25, 1937, the case against plaintiff was nolle prosequied by the assistant district attorney who had filed the bill of information against her, the reason for such action being that there was not sufficient evidence. The present suit was filed on June 28, 1937.
 

 While the appeal was pending here, Annie Jacob Eusant, plaintiff and appellee, died, and, by order of this court, the duly qualified administrator of her succession, Walter Robinson, was substituted as plaintiff and appellee in her place and stead. For the purposes of this case, however, when plaintiff is referred to herein, the reference is to the original plaintiff, Annie Jacob Eusant.
 

 “An action for maliciously putting the law in motion lies in all cases where there is a concurrence of the following elements: (1) The commencement or continuance of an original criminal or civil judicial proceeding. (2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding. (3) Its bona fide termination in favor of the present plaintiff. (4) The ab
 
 *354
 
 sence of probable cause for such proceeding. (5) The presence of malice therein. (6) Damage conforming to legal standards resulting to plaintiff. * * * ” 38 Corpus Juris 386, section 5.
 

 This court in the early case of Barton v. Kavanaugh, 12 La.Ann. 332, held that the plaintiff must not only prove malice, but must also show that there was no probable cause for the prosecution. Both must concur. This rule of law has never been deviated from, the latest expression to that effect being found in the case of Urbanek v. Moore, 179 La. 300, 154 So. 4. See, also, Womack v. Fudikar, 47 La.Ann. 33, 16 So. 645; Mosley v. Yearwood, 48 La.Ann. 334, 19 So. 274; Lang v. DeLuca, 108 La. 304, 32 So. 329; Carnes v. Atkins Bros. Co., 123 La. 26, 48 So. 572; Graham v. Interstate Electric Co., 170 La. 392, 127 So. 879.
 

 It is the settled jurisprudence of this court that “ Where a party has communicated to his counsel all the facts bearing on the case of which he has knowledge, or could have ascertained by reasonable diligence and inquiry, and has acted upon the advice received honestly and in good faith, the absence of malice is established, the want of probable cause is negatived, and the action for malicious prosecution will not lie;’ and a fortiori is this the case where the counsel consulted is the public prosecutor.” Sandoz v. Veazie, 106 La. 202, 30 So. 767. “Probable cause does not depend upon the actual state of the case in point of fact, but on the honest and reasonable belief of the party prosecuting.” Graham v. Interstate Electric Co., supra [170 La. 392, 127 So. 880], See, also, Staub v. Van Benthuysen, 36 La.Ann. 467; Enders v. Boisseau, 52 La.Ann. 1020, 27 So. 546; Morgan v. Illinois Central R. Co., 117 La. 671, 42 So. 216.
 

 In the instant case there is no direct or positive evidence whatsoever to show that the defendants in making the charge against plaintiff and her attorney were actuated by malice. Furthermore, according to the facts of this caseras disclosed by the record, defendant did not act without probable cause.
 

 Actions for malicious prosecution “ * * * have never been favored, and in order to sustain them a clear case must be established, when the forms of justice have been perverted to the gratification of private malice and the wilful oppression of the innocent.” Staub v. Van Benthuysen, 36 La.Ann. 467.
 

 For the reasons assigned, the judgment of the lower court is set aside and plaintiff’s suit is dismissed at her cost.