ELLIS, Judge.
This is a suit for malicious prosecution which resulted from a boundary dispute between plaintiff and defendant. This case and the boundary suit between the same parties were tried together and the facts in the latter record are to be used in arriving at a decision herein.
The trial of the case resulted in a judgment dismissing the plaintiff’s suit, from which plaintiff has appealed.
It is shown that on June 20, 1946 the defendant charged the plaintiff with “trespassing on her property by driving his car on her driveway and refusing to remove same. He continues to trespass after being notified.” The plaintiff was arrested on the 21st of June, 1946, and immediately gave bond in the sum of $50. On the 17th day of March, 1947, on motion of the District Attorney a nolle prosequi was entered in the case and the bond cancelled and the accused discharged therefrom. On August 6, 1947 plaintiff filed the present suit against the defendant in which he asked for $2,070 for malicious prosecution. *897 On the same date plaintiff filed his boundary action against the defendant.
On December 29, 1954 the District Court rendered judgment in both suits dismissing the plaintiff’s demands.
It is well settled that in a suit for malicious prosecution the plaintiff must prove that the prosecution resulting from the accusations terminated in his favor and that the accusations were made by the defendant without probable cause and that the defendant acted with malice in making the accusations. Brelet v. Mullen, 44 La.Ann. 194, 10 So. 865; Buisson v. Prestia, La.App., 45 So.2d 531; Sargent v. Polar Bar Ice Cream Co., Inc., La.App., 196 So. 541; Wagner v. Shannon, 180 La. 233, 156 So. 289; Kenner v. Milner, La.App., 187 So. 309.
It is well-settled as stated in Eusant v. Unity Industrial Life Ins. & Sick Benefit Ass’n of New Orleans, Inc., 195 La. 347, 196 So. 554, 556; that:
“ ‘ “Where a party has communicated to'his counsel all the facts bearing on the case of which he has knowledge, or could have ascertained by reasonable diligence and inquiry, and has acted upon the advice received honestly and in good faith, the absence of malice is established, the want of probable cause is negatived, and the action for malicious prosecution will not lie;” and a fortiori is this the case where the counsel consulted is the public prosecutor.’ Sandoz v. Veazie, 106 La. 202, 30 So. 767. ‘Probable cause does not depend upon the actual state of the case in point of fact, but on the honest and reasonable belief of the party prosecuting.’ Graham v. Interstate Electric Co., supra, (170 La. 392, 127 So. [879] 880). See, also, Staub v. Van Benthuysen, 36 La.Ann. 467; Enders v. Boisseau, 52 La.Ann. 1020, 27 So. 546; Morgan v. Illinois Central R. Co., 117 La. 671, 42 So. 216.”
Plaintiff showed the termination of the prosecution in his favor and were it not for the fact that the affidavit made by the defendant against the plaintiff is shown by the record to have been done upon the advice of defendant’s counsel, other facts shown by the plaintiff would be sufficient' to show lack of probable cause and probably malice.
Counsel for the defendant in his examination and cross examination of witnesses took full responsibility for having advised the defendant to 'make the charge against the plaintiff. He was her attorney in the matter and was familiar with all the facts surrounding the case. Under the law above cited the defendant has thereby established the absence of malice and negatived the want of probable cause, and plaintiff’s action must therefore be dismissed.
It is therefore ordered that the judgment of the District Court be affirmed and the plaintiff ordered to, pay the costs herein.