SAVOY, Judge.
This suit was instituted by plaintiff against defendant to cancel a contract entered between the parties gotten through fraud on the part of defendant and his *126 agent, C. R. Jones; and to cancel a real estate mortgage affecting plaintiff’s property in favor of defendant; and for damage to plaintiff’s home caused by defendant. Defendant filed an exception of improper venue which was overruled. Defendant then filed an answer generally denying all of the allegations set forth in plaintiff’s petition and stated that the mortgage granted by plaintiff to defendant was not obtained through fraud but was furnished voluntarily by plaintiff to C. R. Jones; that Jones was not an agent of defendant, but was an independent contractor; that Jones transferred some contracts to defendant and some to other contractors. By supplemental answer defendant alleged that he was prevented from completing the contract, and that if the Court should hold that he was not entitled to collect the whole amount of the mortgage, that he is entitled to recover 25% as liquidated damages under the terms of the contract. Defendant also prayed for damages for malicious prosecution by plaintiff.
After trial the district court cancelled the mortgage, did not allow plaintiff damages, dismissed defendant’s demand, and assessed each party one-half of the costs. Defendant has appealed.
The evidence reveals that defendant was engaged in selling and installing insulating siding on residences.
In an attempt to secure business in Natchitoches Parish, defendant mailed out to homeowners a brochure detailing the benefits which could be obtained by using the insulating material which it sold, and also enclosing a card whereby prospective customers would let defendant know if they were interested in the insulating siding. Plaintiff received one of the brochures and mailed his card to defendant. On July 2, 1964, two agents of defendant called on plaintiff. They were Mr. C. R. Jones and Mr. Green. After discussing the material used to insulate buildings and displaying the durability of the same, Jones prepared and plaintiff signed (1) a contract labeled “Articles of Agreement” for proposed work to be done and the costs thereof; (2) mortgage form and note signed by the plaintiff and his wife in blank; (3) Referral Commission Agreement whereby defendant agreed to pay plaintiff $100.00 for each job referred to defendant by plaintiff, which job resulted in a contract whereby defendant would insulate a home similar to that of plaintiff.
A copy of each of the documents was left with plaintiff. After examining same he noted the amount of the proposed costs set out in the contract to be the sum of $2,737.-00. However, the contract called for the payment of 84 installments at $55.04, which totaled the sum of $4,623.36. Plaintiff testified his understanding was that the costs to him for the work and material would be $2,737.00. On July 3, 1964, plaintiff consulted his attorney and his banker in Natchitoches, Louisiana. After said consultations, plaintiff’s attorney, Mr. W. Pey-ton Cunningham, Jr., phoned defendant at his office in Shreveport, Louisiana, advising him that plaintiff was revoking the contract because of the different amounts set out in the contract. He also asked that the mortgage and note signed by plaintiff and his wife be returned to him. Defendant stated that nothing further would be done in the matter until his representatives called on plaintiff.
On July 7, 1964, Jones and Green called on plaintiff and his attorney. Demand was again made for a return of the documents signed by plaintiff and his wife. Jones attempted to work out some compromise but did not have any success. On the same date the mortgage mentioned above was recorded in Natchitoches Parish, Louisiana, mortgage records.
On July 8, 1964, workmen appeared at plaintiff’s residence. They commenced working on plaintiff’s home, but plaintiff’s wife notified him, and he came home shortly and stopped the work. On the advice of his attorney, plaintiff filed criminal charg *127 es against defendant. After a preliminary hearing, they were dismissed by the judge,
The trial judge held that the “Articles of Agreement” between the parties was never accepted by defendant prior to its revocation by plaintiff; that to the contrary, the application for property improvement signed by plaintiff along with his signing the mortgage and note in blank indicated that defendant would not accept the work proposal until finances could be arranged. With this ruling we agree. According to the contract, financing was to be arranged with some lending institution. Plaintiff told Jones on their first meeting that he had obligations due on a car he had purchased and would be unable to make the proposed improvements until this loan had been paid. The blank mortgage was not completed and delivered for recordation until after defendant had been notified by counsel for plaintiff that plaintiff was revoking the contract. The contract signed by plaintiff was not completed at the time of its revocation. It had never been accepted by defendant.
LSA-Civil Code Article 1800 states:
“The contract, consisting of a proposition and the consent to it, the agreement is incomplete until the acceptance of the person to whom it is proposed. If he, who proposes, should before that consent is given, change his intention on the subject, the concurrence of the two wills is wanting, and there is no contract.”
In Loeb v. Johnson, 142 So.2d 518 (La.App. 1 Cir. 1962), and AA Home Improvement Company v. Casem, 145 So.2d 624 (La.App. 4 Cir. 1962), it was held that notice of revocation before acceptance of the proposed contracts rendered the agreements null. While it is true that in each of these cases the agreement provided that the contract was not binding until accepted by the parties planning to make the home improvements, we are of the opinion that the circumstances of the instant case closely parallel the above cited cases; and the rule of law in those cases is applicable here.
The trial court did not allow damages to plaintiff. The record supports this finding. There was no proof of the damages suffered by plaintiff.
We next consider the demands of defendant for liquidated damages and for damages for malicious prosecution of defendant by plaintiff. Since we have determined that the contract was never confect-ed, the claim for liquidated damages was correctly rejected by the district judge.
We next address ourselves to the claim for damages for malicious prosecution. The district judge conducted a preliminary hearing on behalf of defendant, and after a lengthy hearing dismissed the charges. The criminal charges were instigated at the direction of plaintiff’s attorney.
Counsel for defendant states that his client should recover based on our decision in Cormier v. Blake, 198 So.2d 139 (La. App. 3 Cir. 1967), in which case we said that in order to recover for malicious prosecution, the following must be proven: (1) termination of the proceeding in favor of plaintiff; (2) lack of probable cause; and (3) malice on the part of defendant.
The record reveals that at the preliminary hearing defendant was charged with (1) violating LSA-R.S. 14:133 by filing false public records; and ■ (2) violating LSA-R.S. 14:67 theft by fraudulent conduct. Plaintiff made a full disclosure of the facts to his attorney. The attorney went to the Natchitoches City Court with plaintiff and prepared the charges. There was evidence that other civil suits had been filed by homeowners against defendant to cancel similar contracts. The trial court, while recognizing our ruling in the Cormier case, supra, held that under the Supreme Court decision in Eusant v. Unity *128 Industrial Life Insurance and Sick Benefit Association, 195 La. 347, 196 So. 554, and followed in Glynn v. LeNormand, 80 So.2d 896 (La.App. 1 Cir. 1955), the defendant failed to establish malice.
In the Eusant case, supra, the court stated:
“It is the settled jurisprudence of this court that ‘ “Where a party has communicated to his counsel all the facts bearing on the case of which he has knowledge, or could have ascertained by reasonable diligence and inquiry, and has acted upon the advice received honestly and in good faith, the absence of malice is established, the want of probable cause is negatived, and the action for malicious prosecution will not lie;” * *
s|c * sj: * * *
“Actions for malicious prosecution ‘ * * * have never been favored,
and in order to sustain them a clear case must be established, when the forms of justice have been perverted to the gratification of private malice and the wilful oppression of the innocent.’ Staub v. Van Benthuysen, 36 La.Ann. 467.”
We cannot say that under all of the circumstances the district judge committed error in not making an award for malicious prosecution.
For the reasons assigned the judgment is affirmed.
Costs in this Court are assessed one-half to each party.
Affirmed.