301 So.2d 423 (1974)
Mr. and Mrs. George SAZDOFF
v.
Clyde V. BOURGEOIS, Jr. and Raymond E. LeBlanc, Sr.
No. 6378.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1974.
*424 John M. Holahan, New Orleans, for plaintiffs-appellants.
Harold L. Molaison, Gretna, for defendant-appellee, Raymond E. LeBlanc, Sr.
Chauppette, Genin, Mendoza & Keeton (Al. J. Mendoza), Marrero, for defendant-appellee, Clyde V. Bourgeois, Jr.
Before SAMUEL and LEMMON, JJ., and MARCEL, J. Pro Tem.
LEMMON, Judge.
Mr. and Mrs. George Sazdoff filed this action for damages incidental to their alleged false arrest and malicious prosecution. Defendants were Clyde Bourgeois, whose affidavit caused the Sazdoffs' arrest, and Raymond LeBlanc, the justice of the peace who received the affidavit and issued the arrest warrant. The action was dismissed after trial on the merits.
The issue in this court is the sufficiency of plaintiffs' proof of tortious conduct on the part of either defendant.
On May 2, 1961 Bourgeois sold a hardware store and its contents to Sazdoff, who obtained private financing for the building. Bourgeois financed part of the sale price of the furniture, fixtures and stock in trade, accepting a note and chattel mortgage which provided for payments of $300.00 per month.
Sazdoff began paying the monthly installments regularly, but about a year later a dispute developed as to whether Sazdoff was obliged to pay Bourgeois (in addition to the monthly payments) for goods sold from the mortgaged stock inventory or to replenish the inventory. On October 25, 1962 the parties attempted to resolve the dispute by executing an agreement which provided that stock in trade could be sold in the regular course of business, but that Sazdoff was to maintain a stock inventory of $25,000.00 and to take a quarterly inventory of the stock. The agreement further provided that Sazdoff would be in default if the inventory fell below the required minimum.
In January, 1963 Bourgeois, claiming he couldn't find certain merchandise listed on the inventory, instituted an executory proceeding and obtained an order for the seizure and sale of the store contents. However, Bourgeois dismissed the suit after Sazdoff agreed to liquidate the business, and the parties executed a written contract outlining the terms of the liquidation.
In March, 1963 Bourgeois obtained a writ of attachment on the grounds Sazdoff had not complied with the terms of the liquidation agreement. The writ was later dissolved.
*425 Bourgeois subsequently filed a third suit after being informed that Sazdoff had sold the building and was preparing to seek a discharge in bankruptcy. The sale in that executory proceeding took place on January 27, 1964.[1]
Bourgeois testified that when the foreclosure sale revealed mortgaged merchandise was missing, he filed criminal charges upon the advice of his attorney. He insisted that he filed these charges within a week or ten days of the sale.
The Sheriff's records show Mr. and Mrs. Sazdoff were arrested on March 5, 1965 (over a year after the foreclosure sale) on a warrant issued by LeBlanc and were charged with "Violation Chattel Mortgage (Theft $20,000.00)."
LeBlanc testified that he issued the warrant on the basis of Bourgeois' affidavit, after Bourgeois' lawyer telephoned him about the charge, and that he sent the warrant to the Sheriff's office and within a day or two filed the affidavit with the District Attorney's office. LeBlanc was unable to produce his written record of the events at trial, since his copy of the affidavit and his log book had been destroyed in an office fire.
The District Attorney's index book indicated theft charges were received from LeBlanc on March 4, 1966 and again on March 7, 1966 (about one year after the arrest and two years after the foreclosure sale).[2] A search of that office just prior to trial (more than eight years after the arrest) revealed no records relating to the charges. An assistant district attorney, however, stated the office practice was to assign a file number if the charges were accepted, but to destroy certain records in two years if the charges were refused.
The dockets of the district and parish courts contained no record that charges were ever filed.
The affidavit upon which the arrest was based therefore was not available to plaintiffs at time of trial. Thus, plaintiffs were faced with the unusual circumstances of (1) the complaining witness claiming he executed the affidavit shortly after January 27, 1964; (2) the Sheriff's records showing the arrest took place in March, 1965; and (3) the District Attorney's records showing the charges were received in March, 1966.
LeBlanc's Liability
The thrust of the Sazdoffs' claim against LeBlanc was that he issued the warrant without a proper affidavit.
The evidence preponderates in favor of a conclusion that LeBlanc proceeded under proper legal formalities. Both LeBlanc and Bourgeois testified that Bourgeois executed the affidavit before LeBlanc issued the warrant. The trial judge expressed his acceptance of LeBlanc's credibility and, particularly noting that LeBlanc had no connection or relationship with Bourgeois, found as a fact that an affidavit had been properly executed. Because LeBlanc's copy of the affidavit was destroyed by fire and the District Attorney's copy was unavailable, plaintiffs' burden was extremely difficult. Nevertheless, while the circumstances *426 were unusual, the evidence taken as a whole does not indicate the fact plaintiffs sought to prove (that LeBlanc issued the warrant without a proper affidavit) is more probable than not.
We conclude the claim against LeBlanc was properly dismissed.
Bourgeois' Liability
Plaintiffs' claim against Bourgeois was principally founded on malicious prosecution.
In order to recover damages for malicious prosecution, a plaintiff must prove institution of a proceeding at the instance of defendant, termination of the proceeding in plaintiffs' favor, lack of probable cause for the proceeding, and malice in instituting the proceeding. Harvey v. Bertaut, 303 So.2d 211 (La.App.4th Cir. 1974). In the present case the disputed elements are malice and want of probable cause. Abandonment of prosecution meets the requirement of favorable termination.
The determination of want of probable cause for bringing a criminal charge involves an evaluation of the reasonableness of a defendant's belief that plaintiff was guilty of the offense charged, in the light of circumstances existing at the time the charge was brought. The fact that a defendant has sought legal advice in good faith, upon full disclosure of all facts, is a strong indication of his belief that the plaintiff was guilty of a crime. See Eusant v. Unity Industrial Life Ins. and S. Benefit Ass'n, 195 La. 347, 196 So. 554 (1940).
In this case Bourgeois asserted his belief that Sazdoff was disposing of mortgaged property without turning over the proceeds to him as agreed. See R.S. 9:5359. The $6,000.00 appraisal by the court-appointed expert supports this assertion to some extent. While it is arguable that the replenished stock did not fall under the chattel mortgage, the facts and circumstances of this case reasonably justify Bourgeois' belief that Sazdoff was disposing of the mortgaged property with an intent to defeat the mortgage. The fact that Bourgeois filed the criminal charge only after consultation with his attorney further indicates the reasonableness of his belief that Sazdoff had committed a crime.[3]
Since Mrs. Sazdoff worked in the store several days a week and was involved in collections, a reasonable person could justifiably believe she too was involved in the asserted fraudulent dispositions.
Inasmuch as plaintiffs failed to prove Bourgeois lacked probable cause in instituting the proceedings, they failed to prove their claim based on malicious prosecution. We therefore do not reach the issue as to the existence of malice.
As to any claim for abuse of process, the evidence only shows Bourgeois supplied the affidavit for issuance of the warrant. There was no evidence of misuse of the process, once it was issued. In fact, there was no testimony by plaintiffs that Bourgeois (or LeBlanc) at any time attempted to use the charges as a tool for compelling payment.
The judgment is affirmed.
Affirmed.
NOTES
[1] Bourgeois obtained an order for an immediate sale on the grounds that the goods were perishable within the contemplation of C.C.P. art. 2333. Sazdoff appraised the seized property at $25,000.00, Bourgeois at $4,000.00, and an independent expert appointed by the court at $6,000.00. Bourgeois bought, the property at the sale for $4,000.00. There was no appeal from the order for executory process. However, an attempt to obtain a deficiency judgment after the sale under these circumstances was denied by this court. See La.App., 209 So.2d 320.
[2] This suit was filed on March 7, 1966. Bourgeois testified that about the time this suit was filed, an assistant district attorney asked him to sign another affidavit because the original affidavit was lost.
[3] Plaintiffs attack Bourgeois' testimony regarding legal advice as hearsay evidence. However, Bourgeois did not attempt by this testimony to establish the truth of the lawyer's statement to him, but only to establish the fact that he sought and obtained the advice before filing the charge.