LOBRANO, Judge.
On September 5, 1979, while employed as a porter by Schwegmann Giant Supermarkets, Inc., appellant, Joseph E. Schiedler, was arrested for allegedly marking down damaged dog food without authority. He was charged with misdemeanor theft in the amount of $41.00, and was brought to trial on May 8, 1980 in the 34th Judicial District Court, where he was found not guilty. Thereafter, on August 25, 1980, appellant brought these proceedings seeking damages from Schwegmann for malicious prosecution. Trial of this matter was begun before a jury, and at the close of appellant’s case, the trial judge granted appellee’s motion for directed verdict dismissing the matter. Appellant perfected this appeal.
The sole issue posed by this appeal is whether or not, in view of the evidence presented at trial by plaintiff, the lower court erred in granting Sehwegmann’s motion for a directed verdict. The directed verdict is a common law procedural device added to the Code of Civil Procedure in 1977 by Art. 1810.
“A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury.” La. C.C.P. Art. 1810.
The standard of proof to be applied by the court in ruling on a motion for a directed verdict is clearly set out in Ragas v. Argonaut Southwest Ins. Co., 379 So.2d 822 (La.App. 4th Cir. 1980) In that case we held that since the language of the La. Statute is taken directly from F.R.C.P. 50(a) we would adopt the federal standard as enunicated by the Fifth Circuit Court of Appeals in Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir. 1969), which is as follows:
“On motions for directed verdict and for judgment notwithstanding the verdict the court should consider all of the evidence — not just that evidence which supports the non-mover’s case — but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.” id. at p. 374.
The La.Sup.Ct. approved this standard in Breithaupt v. Sellers, 390 So.2d 870 (La.1980). See also Campbell v. Mouton, 373 So.2d 237 (La.App. 3rd Cir. 1979); Grimes v. Stander, 394 So.2d 1332 (La.App. 1st Cir. 1981); Gunter v. Plauche, 399 So.2d 727 (La.App. 1st Cir. 1981)
To prevail in an action for malicious prosecution, the plaintiff must establish the following elements:
(1) The commencement or continuance of an original criminal or civil judicial proceeding.
(2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding.
*1222 (3) Its bona fide termination in favor of the present plaintiff.
(4) The absence of probable cause for such proceeding.
(5) The presence of malice therein.
(6) Damage conforming to legal standards resulting to plaintiff.
Robinson v. Goudchaux’s, 307 So.2d 287 (La.1975); Eusant v. Unity Industrial Life Ins. and Sick Benefit Ass’n of New Orleans, 195 La. 347, 196 So. 554 (1940)
The trial judge’s appreciation of the “directed verdict standard” as set forth in his oral reasons for granting the motion was correct. However we feel that viewing the evidence in the light most favorable to the plaintiff, the matter should have been ultimately decided by the jury.
The trial judge, in granting the motion, felt that Schwegmann had sufficient probable cause for appellant’s arrest, particularly in view of the fact that he “confessed” to the crime. In his oral reasons the trial judge stated to appellant:
“Get by and explain to me probable cause when this man confessed. That is giving me trouble.”
The judge further pointed out:
“In light of all of the other evidence available that they (the jury) received, that he had a marks-a-lot in his hand, that some of the merchandise was not damaged, in light of all the other evidence admitted, I cannot see how reasonable men can get it, and I grant the motion for those reasons.”
Admittedly there was evidence indicating that Schwegmann had sufficient or probable cause to have appellant arrested. However, there also was evidence indicating that, perhaps there were explainable reasons why appellant should have not been arrested. There was evidence which explained his reason for “confessing”. Appellant had recently been demoted, presumably because he could not work the number of hours required due to his starting college. All of these matters, we feel, should have been decided by the jury. We understand the trial judge’s feelings in this matter, and his concern for the time and expense in unnecessary litigation. However, the granting of a motion for directed verdict in a jury case is a harsh remedy in that the aggrieved party is denied his right to be judged by his peers. In view of the evidence presented we are compelled to give appellant his day in court.
The judgment appealed from is reversed, and the case is remanded to the trial court for a new trial. Costs of this appeal are taxed against defendant, Schwegmann, and the taxing of other costs is to await final judgment.
REVERSED AND REMANDED.