FRED S. BOWES, Judge Pro Tem.
Plaintiff-appellant, Warren J. Moity, Sr., instituted this suit for malicious prosecu- , *475 tion against Mary Jane Miller Bodin and the attorneys, Edwin S. Patout and Benjamin 0. Burns, who represented her in a civil suit, numbered 44084 in the 16th Judicial District Court. The former suit (# 44084) was filed by Bodin against Moity, seeking money damages in connection with a business deal between Bodin and Moity and was unsuccessful in both the 16th Judicial District Court and the 3rd Circuit, Court of Appeal. See Bodin v. Moity, No. 8692 (La.App. 3rd Cir. March 10, 1982) (unreported).
The trial court in the present suit granted a motion for directed verdict, made on behalf of all defendants, at the close of plaintiff’s case. From that judgment, plaintiff now appeals.
In Jones v. Soileau, 448 So.2d 1268 (La.1984), our Supreme Court, reviewing the laws of Louisiana concerning malicious prosecution, stated:
[I]n Eusant v. Unity Industrial Life Ins., 195 La. 347, 351-52, 196 So. 554, 556 (1940), the court, quoting from an encyclopedia, stated that the elements of a malicious prosecution action are: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff. This test has been reaffirmed by this court on several occasions, most recently in Hibernia National Bank v. Bolleter, 390 So.2d 842, 843 (La.1980).
At the close of plaintiffs case, the learned trial judge, who heard both suits (although the judgment was signed by another judge), granted the defense motion for a directed verdict giving astute and detailed reasons from the bench, from which we now quote, approvingly:
THE COURT:
Gentlemen, I think part of the controversy arises from the fact that there were originally, as I recall, five ... separate allegations in the original suit and as to, at least, again as I recall from memory, three of them, there was simply no evidence presented at the trial to support those or at least I found none. But the other two were literally contested in the original case as somewhat lengthy for me, at least Reasons for Judgment in that case would indicate.
... The law is very clear that in order to establish the cause of action sued upon in this matter, there are six items that must be proven. The first is that there was a civil or criminal proceeding instituted. Easily there was. That it was filed by the defendants, obviously it was, either as a party or as attorneys. And that there was a bona fide termination of the matter in favor of the plaintiff in that action. There’s some question in my mind about that. But if I concede to Mr. Moity’s argument, give him the benefit of the doubt there and say that the return of the items to Ms. Miller was not a successful termination of the litigation in her favor, but rather that that litigation was terminated all in Mr. Moity’s favor, it still leaves us the remaining three.
Mr. Moity in this case has to prove an absence of probable cause for the bringing of the proceeding. He basically relies, as I understand his argument, on the fact that ... the accounting was furnished before the suit was filed and that the fact that the accounting may now be found to have been in error is of no moment, because at the time it was furnished, it was thought by him to be accurate and ... attorneys were not and the party, Ms. Miller, was not aware of the error; and, secondly, that there was no evidence in the prior proceeding to support the allegation that the contract was made without her consent or that she lacked the capacity to make it or that it was obtained by fraud. And as far as that argument goes, it’s fine, but I don’t think the argument goes all the way, because it does not deal with the remain *476 der of the allegations in that litigation upon which there was substantial evidence. It is true that I ruled that those allegations were not proven. It is true that Mr. Moity won those points both in this Court and in the Court of Appeal, but there was evidence to support those allegations. I cannot find that there was no probable cause for bringing the lawsuit as to those allegations of the petition.
Further, Mr. Moity in this proceeding has to establish the presence of malice. I fail to see where he has even come close to establishing that. He makes much of the fact that he warned the attorneys that if they proceeded with what he considered to be a baseless lawsuit, they would do so, if you will, at their own peril and they would have to suffer the consequences, but that does not of itself establish that the fact that they did proceed constitutes malice. They proceeded because they believed their client. They proceeded because they honestly felt that they could prove the allegations of the petition. They were wrong. They were not able to prove the allegations of the petition, but that does not constitute malice.
It would be different if the first lawsuit had been decided on the basis that there was simply no evidence to support any of the allegations. Then the result might be different. But there was indeed evidence to support three of the five basic allegations made — excuse me, two of the five allegations made in the petition. It was not enough to win. It was not enough to prevail, but it was enough to convince me that there was no malice involved.
Counsel for the defense is correct in pointing out the fact that because the courts must be open to all comers, certainly a rule that Mr. Moity of all people would not want to see changed, we must have a very significant burden of proof in matters of this kind, more than in the ordinary case. But even if it was only the burden of proof that is required in the ordinary case, I find that it has not been met as to establishing the absence of probable cause for the initial proceeding or in establishing the presence of malice for that matter in establishing the damages.
[...] That does not meet the burden that the law places upon a litigant to prove his case. So I am, therefore, going to grant the motion of the defendants and dismiss the plaintiffs suit at the plaintiffs cost.
Our examination of the record convinces us that the trial judge was correct in his assessment of the case and in the judgment rendered. We see no error at all, and obviously no manifest error, in this excellent recitation of the facts and the law.
Accordingly, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.