11 JOHNSON, J.,
would grant the writ application for the following reasons.
I can find no jurisprudence that would support this award of money damages. In this case, a contractor won a judgment against the Orleans Parish School Board (“School Board”) in the amount of $663,152, for negligent misrepresentation, malicious prosecution, and detrimental reliance after the School Board sued him for damages sustained as a result of his failure to obtain builders’ risk insurance.
Article 20 of the “General Conditions” attached to the contract at issue required Gegg, the contractor, to “effect and maintain, until the date of filing of the Owner’s acceptance of the work” various types of insurance, including “Builders’ Risk Insurance for Fire, Extended Coverage, Vandalism, and Malicious Mischief.” Gegg obtained general liability and other insurance coverage, but he did not obtain builder’s risk insurance.
On June 4, 1991, Gegg filed suit against the School Board, seeking the balance due him under the contract. On July 14, 1991, the School Board filed suit against Gegg and his surety, Integon, seeking the value of the portable classrooms that were destroyed by fire.[1] The cases were later consolidated.
*1123 The School Board moved for partial summary judgment, alleging that Gegg and Integon were solidarity liable for all damages sustained as a result of Gegg’s failure to obtain builder’s risk insurance as required by the contract. The trial court granted the School Board’s motion for partial summary judgment, and the court of appeal reversed, finding that the School Board’s authorized agent accepted Gegg’s certificate of liability insurance without requiring any further insurance. The appellate court concluded that the acceptance of the insurance certificate precluded any questions about the sufficiency of Gegg’s insurance coverage. The matter was remanded for further proceedings. JCM Construction Co. v. Orleans Parish School Board, 95-0567 (La.App. 4 Cir. 10/12/95), 663 So.2d 429, writ denied, 95-2748 (La.2/2/96), 666 So.2d 1089.
On remand, Gegg amended his petition to add negligent misrepresentation and detrimental reliance claims against the School Board’s insurance consultant in connection with the consultant’s approval of the certificate of insurance. The consultant moved for summary judgment, which the trial court granted. The court of appeal affirmed, finding that Gegg had notice that the relationship between the School Board and the consultant was one of a principal-agent. The court of appeal concluded that the consultant, as an agent for the School Board, was acting within his authority when he approved Gegg’s certificate of insurance. Orleans Parish School Board v. Gegg, 97-0947 (La.App. 4 Cir. 1/14/98), 708 So.2d 425.
Subsequently, Integon brought an action against Gegg and the School Board, and Gegg filed a third party demand against the School Board for inter alia, negligent misrepresentation, detrimental reliance, malicious prosecution. These matters were consolidated.
The instant writ application comes before us following the bench trial on the negligent misrepresentation, malicious prosecution, and detrimental reliance claims against the School Board.
Malicious prosecution is the wrongful institution or continuation of a criminal or civil proceeding. Shepherd v. Williams, 2000-01506 (La.App. 3 Cir. 2/28/01), 780 So.2d 633; Frank L. Maraist & Thomas C. Galligan, Jr., Louisiana Tort Law, Section 2 — 6(d) at p. 31 (1996). An action for malicious prosecution requires proof of the following elements: (1) the commencement or continuance of an original criminal or civil proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to the plaintiff. Miller v. East Baton Rouge Parish Sheriff’s Department, 511 So.2d 446 (La.1987); Jones v. Soileau, 448 So.2d 1268 (La.1984); Plessy v. Hayes Motor Co., Inc., 31-947 (La.App.2d Cir.6/16/99), 742 So.2d 934; Jenkins v. Baldwin, 2000-0802 (La.App. 4th Cir.8/29/01), 801 So.2d 485; Winn v. City of Alexandria, 96-492 (La.App. 3d Cir.11/20/96), 685 So.2d 281.
A plaintiff must prove not only malice but show there was no probable cause. Probable cause does not depend upon the actual state of the case in point of fact, but on the honest and reasonable belief of the party prosecuting. Eusant v. Unity Industrial Life Ins. and Sick Benefit Ass’n of New Orleans, Inc., 195 La. 347, 353, 196 So. 554, 556 (La.1940). See also Craig v. Carter, 30,625, pp. 6-7 (La.App. 2 Cir. 9/23/98), 718 So.2d 1068, 1072-1073, writ denied, 98-2698 (La.12/18/98), 734 So.2d 636. If an accusation is based on probable cause there is no liability even if there was *1124 malicious motive. Kenner v. Milner, 187 So. 309, 311 (La.App. 1 Cir.1939).
In this case, the lower courts erred in concluding that Gegg met his burden of proving malicious prosecution. There is no evidence that the School Board was motivated by malice in filing the suit against Gegg. Likewise, there is no absence of probable cause. The School Board clearly had a right to institute an action against Gegg for breach of contract and/or negligence based on his failure to obtain builders’ risk insurance as required by the contract. Although the court ultimately concluded that the School Board’s acceptance of the insurance certificate precludes it from challenging the sufficiency of Gegg’s coverage,[2] at the time the suit was filed, the School Board honestly and reasonably believed that its claim against Gegg was meritorious.
Moreover, the lower courts erred in concluding that Gegg suffered an injury as a result of his reliance upon the School Board’s insurance consultant’s actions. It is undisputed that the School Board’s insurance consultant accepted Gegg’s bid, certifying that the insurance certificates submitted by Gegg met the requirements under the contract. However, the consultant’s actions in no way absolved Gegg of his obligations under the contract. Gegg knew that builders’ risk insurance was required, as the general conditions of the contract clearly mandated the coverage, and he knew that he had not met the pre-contractual obligations. Gegg chose not to obtain the builders’ risk coverage, and, therefore, cannot blame the School Board’s consultant for “misrepresenting” that he had adequate insurance coverage.
As I stated previously, there is no jurisprudence that would support a finding of liability. In my mind, to allow such a ruling to stand sets a precedent that does injury to our legal system. Accordingly, I would grant this writ application and reverse the court of appeal’s decision.

. Gegg's insurer and the three arsonists were also named as defendants.

. See JCM Construction Co. v. Orleans Parish School Board, 95-0567 (La.App. 4 Cir. 10/12/95), 663 So.2d 429, writ denied, 95-2748 (La.2/2/96), 666 So.2d 1089.