924 So.2d 1131 (2006)
AUDUBON TRACE CONDOMINIUM ASSOCIATION, INC.
v.
BRIGNAC-DERBES, INC., Ronald L. Brignac, Individually, John J. Derbes, Individually, Lawrence Derbes, Individually, R.L. Hodges Construction Company, R.L. Hodges, Individually, Raymond Bonner, Individually, Gerard Raymond, Architect, Robert B. Anderson, Individually, Robert B. Anderson Consulting Engineers, Inc., and Richard Smith, Ltd.
No. 05-CA-715.
Court of Appeal of Louisiana, Fifth Circuit.
February 27, 2006.
*1132 Timothy J. Young, Robert J. Young, Jr., Attorney at Law, New Orleans, Louisiana, Thomas J. Capella, Metairie, Louisiana, for Plaintiff/Appellant.
Scott P. Yount, Randall C. Mulcahy, Attorney at Law, New Orleans, Louisiana, Michael J. Juneau, Sue Nations, Attorney at Law, Lafayette, Louisiana, Burt K. Carnahan, Pamela K. Richard, New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
Plaintiff, Audubon Trace Condominium Association, Inc. ("ATCA"), filed suit against several defendants, including the original contractor for the condominiums, R.L. Hodges Construction Co., and its insurers, along with the developer of the condominiums, Brignac-Derbes, Inc., and its insurers, seeking to recover damages resulting from the alleged faulty construction, design, and development of the Audubon *1133 Trace Condominiums.[1] This appeal concerns only plaintiff's claims against Brignac-Derbes and several insurers that provided coverage to Brignac-Derbes at different times during construction of the condominiums.
Previously in this litigation, the trial judge ruled that the "manifestation theory" applies to determine which, if any, insurance policies provide coverage for the alleged damages in this case. Under the manifestation theory, insurance coverage applies under a policy if the property damage manifests during the policy period, regardless of when the act from which it resulted occurred. Korossy v. Sunrise Homes, Inc., 94-473 (La.App. 5 Cir. 3/15/95), 653 So.2d 1215, 1226, writs denied, 95-1522, 95-1536 (La.9/29/95), 660 So.2d 878.
After the court ruled that the manifestation theory applies in this case, several insurers filed motions for summary judgment seeking a ruling by the court that there was no manifestation of damages during their applicable policy periods. Several of these motions came for hearing before the trial court on April 23, 2004. On April 27, 2004, the trial judge signed a judgment granting the motions for summary judgment filed by several insurers of Brignac-Derbes and R.L. Hodges, including St. Paul Fire and Marine Insurance Company, New Hampshire Insurance Group, Gulf Insurance Company, and United States Fire Insurance Company ("U.S. Fire"), General Accident Insurance Company, and Travelers Indemnity Company. In his reasons for judgment, the trial judge indicated that the plaintiff's damage did not manifest itself until after each of these defendants' policy periods. Thus, he found that these insurers are not liable for plaintiff's damages. The trial court signed a second judgment on May 6, 2004, granting the motion for summary judgment filed by U.S. Fire with regard to its policy issued to Brignac-Derbes for the period of January 13, 1992 to January 13, 1993. ATCA and Brignac-Derbes filed motions for new trial seeking reconsideration and reversal of the summary judgments granted in the April 27, 2004 judgment. The motions for new trial were heard on June 1, 2004, and the trial judge signed a judgment denying these motions on July 19, 2004. ATCA appeals from the May 6, 2004 and July 19, 2004 judgments.

DISCUSSION
Before reaching the merits of ATCA's appeal, we must consider the motion to dismiss appeal filed by U.S. Fire. In its motion, U.S. Fire argues that ATCA cannot appeal the summary judgment granted to U.S. Fire regarding the January 13, 1992 to January 13, 1993 policy, because counsel for ATCA indicated at the April 23, 2004 hearing that ATCA had no objection to U.S. Fire's motion for summary judgment regarding this policy.
Our review of the transcript of this hearing reveals that counsel for ATCA did in fact indicate that ATCA had no objection to the granting of U.S. Fire's motion for summary judgment regarding the January 13, 1992 to January 13, 1993 policy. An appeal cannot be taken by a party who voluntarily acquiesces in a judgment rendered against him. LSA-C.C.P. art. 2085.
Because ATCA acquiesced in the granting of U.S. Fire's motion for summary judgment, ATCA cannot seek to overturn this ruling on appeal. Accordingly, we *1134 grant U.S. Fire's motion to dismiss appeal as it pertains to ATCA's appeal of the summary judgment granted in favor of U.S. Fire with regard to the January 13, 1992 to January 13, 1993 policy.
U.S. Fire also moves this Court to dismiss ATCA's appeal of the summary judgment granted in favor of U.S. Fire regarding policies for the periods of January 13, 1990 to January 13, 1991 and January 13, 1991 to January 13, 1992. The motion for summary judgment regarding these policies was filed May 4, 2004 and heard on June 1, 2004. On June 15, 2004, the trial judge signed a judgment granting this motion for summary judgment and designating the judgment as final for purposes of appeal.
In its motion to dismiss appeal, U.S. Fire asserts that ATCA did not file an appeal or a motion for new trial from the June 15, 2004 judgment granting U.S. Fire's second motion for summary judgment. Thus, U.S. Fire argues that ATCA's appeal does not apply to the June 15, 2004 judgment.
We agree that ATCA did not seek review of the June 15, 2004 judgment in its petition for appeal and thus, this appeal does not pertain to that judgment. Because no appeal of this judgment has been sought, there is no appeal of this judgment to be dismissed.
We now address the merits of ATCA's appeal as it pertains to the summary judgments granted in favor of the other insurers of Brignac-Derbes. On appeal, ATCA asserts that the trial court erred in granting summary judgment in favor of these defendant insurance companies based on its finding that plaintiff's damage manifested itself after the defendants' policy periods.
It is well settled that appellate courts review summary judgments de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750; Nuccio v. Robert, 99-1327 (La.App. 5th Cir.4/25/00), 761 So.2d 84, 87, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544. A motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, show that there is no genuine issue of material fact such that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). Facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. Smith v. Our Lady of the Lake Hosp., Inc., supra at 751. On appeal, this Court must consider whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191, 194.
ATCA argues that summary judgment should not have been granted in favor of the defendant insurers, because it has produced evidence showing that the damages in this case manifested from 1985 to 1989, and each of the defendant insurance companies provided coverage to Brignac-Derbes during at least a portion of this time period.
Defendants respond that ATCA's argument that the damages began to manifest in 1985 and continued thereafter is inconsistent with ATCA's position in prior pleadings that the damages were not discovered until 1995. They contend that ATCA cannot argue that the damage manifested in 1995, when claiming that its claims have not prescribed, and then argue to the contrary that the damage manifested in 1985 to 1989, when attempting to *1135 establish insurance coverage under policies issued during that time.
At the April 23, 2004 hearing, counsel for ATCA admitted that:
the trigger date and the significant date that we've always maintained is February of '95. That is when George Gros.... a licensed architect prepared his final report to A.T.C.A .... and said y'all, these are construction defects, you've got problems that existed from the very beginning ....
However, he attempted to distinguish his argument by asserting that February 1995 is when ATCA came to realize the extent and cause of the damage, but the damage began to manifest as early as 1985. Thus, ATCA argues that its claims are both timely and covered by insurance policies issued as early as 1985. We find this argument unpersuasive.
According to plaintiff, the Audubon Trace Condominiums were constructed from 1984 to 1991. ATCA seeks coverage under insurance policies issued during most of this construction period, which is when the acts resulting in the alleged damage took place. Under the exposure theory, the damage is considered to have occurred when the act that resulted in damage took place. Korossy v. Sunrise Homes, Inc., supra at 1226. However, it is the manifestation theory, not the exposure theory, which applies to this case. As stated above, under the manifestation theory, property damage is considered to have occurred when it becomes manifest, regardless of when the act from which it resulted occurred. Id. Although ATCA argues that manifestation occurred throughout most of the exposure period, the evidence presented and the prior arguments of ATCA in this case reveal that the damage did not manifest itself during defendant insurance companies' policy periods.
After a thorough de novo review of this matter, we find that the trial court correctly granted summary judgment in favor of the defendant insurers. Accordingly, we affirm the judgments of the trial court at issue in this appeal.

DECREE
For the reasons set forth above, we grant U.S. Fire's motion to dismiss appeal as it pertains to ATCA's appeal of the summary judgment granted in favor of U.S. Fire with regard to the January 13, 1992 to January 13, 1993 policy. With regard to the remaining claims at issue in this appeal, we affirm the judgments of the trial court in favor of the defendant insurers.
MOTION TO DISMISS APPEAL GRANTED IN PART; AFFIRMED.
NOTES
[1] R.L. Hodges Construction Co. and its insurers have settled with plaintiff and have been dismissed from this lawsuit.