EDWARD A. DUFRESNE, JR., Chief Judge.
 

 I ¿This is an appeal by Jack McClanahan, personally, and McClanahan Contractors, Inc., Arkansas Drilling
 
 &
 
 Workover, Inc., International Rental Tools, L.L.C., and Delta Pipe & Supply Co. (the McClanahan companies), plaintiffs-appellants, from a judgment sustaining an exception of no right of action urged by Susan Folse McClanahan, defendant-appellee, as to the four McClanahan companies in this malicious prosecution action. Plaintiffs also filed a writ application from a trial court ruling regarding discovery issues. These two matters were consolidated by this court. For the following reasons we affirm the judgment sustaining the exception of no right of action, and deny plaintiffs’ application for a supervisory writ.
 

 
 *864
 

 APPEAL ISSUES
 

 The prior litigation, which plaintiffs here allege constituted malicious prosecution, was an action to partition community property following a divorce. In that proceeding Susan Folse McClanahan asserted claims for reimbursement of |8alleged community funds transferred to the various companies.
 
 See McClanahan v. McClana-han,
 
 03-CA-1178 (La.App. 5 Cir. 2/28/04), 868 So.2d 844;
 
 writ denied
 
 2004-1175 (La.9/3/04), 882 So.2d 609. In the present suit Jack McClanahan and the companies allege that because of the claims regarding reimbursement in the partition suit, two banks called notes. They further allege that to satisfy these obligations assets had to be sold at substantial losses. It is these losses for which they seek recovery in the present suit.
 

 The defendant in the present action urged an exception of no right of action arguing that the plaintiff companies were not defendants in the community partition suit, and therefore could not have a cause of action for malicious prosecution. The trial judge agreed and entered judgment dismissing the companies from the suit. This appeal followed.
 

 There are six elements necessary to support a claim for malicious prosecution, and the lack of any one of these factors is fatal to such a claim. They are: 1) the commencement or continuance of an original criminal or civil judicial proceeding; 2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; 3) its bona fide termination in favor of the present plaintiff; 4) the absence of probable cause for such proceeding; 5) the presence of malice therein; and 6) damage conforming to legal standards resulting to plaintiff.
 
 Kennedy v. Sheriff of East Baton Rouge,
 
 2005-1418 (La.7/10/06), 935 So.2d 669. Further, although the action exists, it has never been favored in Louisiana law.
 
 Kennedy, supra; Johnson v. Pearce,
 
 313 So.2d 812 (La.1975).
 

 In the present case, it is acknowledged that the companies were not defendants in the original proceeding, the second required element above. They therefore are not proper parties plaintiff in the present action, and the exception of no right of action was properly sustained.
 

 |4Appellants argue that although not named in the original suit, they were nonetheless “virtual” parties because their interests were allegedly damaged by that action. They cite several cases from other jurisdictions which appear to recognize such a principle. However, as shown above, the action for malicious prosecution has never been favored, and it has always been applied only where there has been strict compliance with all essential elements.
 
 Kennedy, supra; Johnson, supra.
 
 We therefore decline to expand this jurisprudence to permit parties not named in the original action to bring such suits.
 

 Appellee asserts here that this appeal is frivolous, and seeks sanctions. Article 863 of the Code of Civil Procedure provides that an attorney signing a pleading certifies,
 
 inter alia,
 
 that it is “warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law....” Here, appellants have cited several cases from other jurisdictions supporting their position that our law should likewise be extended to include what they refer to as “virtual” parties. Although we reject this argument, we do not deem it to be a frivolous one.
 

 For the foregoing reasons, the judgment sustaining the peremptory exception of no right of action as to the four companies is hereby affirmed.
 

 
 *865
 

 WRIT ISSUES
 

 On September 16, 2008, the plaintiffs filed a Notice of Deposition for Records Only and Subpoena Duces Tecum to Robert C. Lowe
 
 [1]
 
 and the firm of Lowe, Stein, Hoffman, Allweiss & Hauver, L.L.P. requesting all materials used in reference to
 
 McClanahan v. McClanahan,
 
 No. 522-207 in the trial court. On | r,October 15, 2008, the defendant filed a Motion to Quash the Notice of Deposition citing that it failed to comply with Louisiana Code of Evidence Article 508. In response, the plaintiffs filed a Memorandum in Opposition to the Motion to Quash and a Motion to Compel Deposition and Issue Subpoena Duces Te-cum on November 24, 2008.
 

 The trial court held a hearing on the Motions on May 11, 2009 and granted the defendant’s Motion to Quash and denied the plaintiffs’ Motion to Issue Subpoena Duces Tecum. However, the trial court did allow the plaintiffs to depose Mr. Lowe. Subsequently, the plaintiffs filed a Notice of Intent to Apply for Supervisory Writ.
 

 In writ application number 09-C^426
 
 [2]
 
 , the plaintiffs
 
 [3]
 
 requested supervisory review of the trial court’s rulings by alleging that it erred by not ruling as follows:
 

 1.The plaintiffs’ records request complies with La. C.E. art. 508;
 

 2. The attorney-client privilege and work product privilege have been waived by the defendant;
 

 3. Neither the attorney-client privilege nor the work product privilege may be invoked during the deposition of Mr. Robert Lowe, insofar as the Partition Proceeding is concerned; and,
 

 4. Mr. Robert Lowe must produce his client file, insofar as the Partition Proceeding is concerned.
 

 In response to the writ application, the defendant filed an Opposition to the Request for Supervisory Review. In the Opposition, the defendant requested that this Court stay the malicious prosecution suit and require the plaintiffs to file a | ^Request for Sanctions under Louisiana Civil Code of Procedure Article 863. All of these issues will now be addressed by this Court.
 

 Whether the defendants’ Subpoena Duces Tecum Request Complies with La. C.E. art. 508
 

 La. C.E. art. 508 provides, in pertinent part,
 

 “Neither a subpoena nor a court order shall be issued to a lawyer or his representative to appear or testify in civil or juvenile proceeding, ..., where the purpose of the subpoena or order is to ask the lawyer or his representative to reveal information about a client or former
 
 *866
 
 client obtained in the course of representing the client
 
 unless, after a contradictory hearing, it has been determined that the information sought is not protected from disclosure by any applicable privilege or work product rule;
 
 and all of the following ...” (Emphasis added).
 

 Here, the trial court held a hearing on the Motion to Quash and the Motion to Compel. As provided in the transcript of the hearing, the trial court stated that “... the subpoena is overly broad and seeks to elicit information that
 
 might
 
 be subject to the attorney-client privilege ...” (Emphasis added). However, the trial court did not issue a definitive ruling as to whether or not the information requested by the plaintiffs is protected from disclosure by any applicable privilege or work product rule. A contradictory hearing must be held to determine whether or not the requested information by the plaintiffs is protected before the subpoena duces tecum can be found as proper.
 

 Therefore, we find that the Subpoena Duces Tecum filed by the plaintiffs does not comply with La. C.E. art. 508.
 

 Whether the attorney-client privilege and work-product privilege have been waived by the defendant
 

 These issues have not been presented to the trial court for determination. Therefore, this Court declines to exercise its supervisory jurisdiction on the issues.
 

 |7Whether the attorney-client privilege or the work product privilege may be invoked during the deposition of Mr. Robert Lowe, insofar as the Partition Proceeding is concerned
 

 The deposition of Mr. Robert Lowe has not yet occurred. In addition, the issues as to whether or not the attorney-client privilege and work product privilege have been waived have not been determined by the trial court. Therefore, this Court declines to issue an advisory opinion as to what Mr. Lowe may or may not say during the deposition.
 

 Whether Mr. Robert Lowe is required to produce his client file, insofar as the Partition Proceeding is concerned
 

 The issues as to whether or not the attorney-client privilege and work product privilege have been waived have not been determined by the trial court. Therefore, this Court declines to exercise its supervisory jurisdiction on this issue.
 

 Whether the malicious prosecution suit filed by the plaintiffs should be stayed, and, in turn, be filed as a Request for Sanctions under La. C.C.P. art. 863
 

 The plaintiffs filed writ application number 08-C-281 with this Court requesting similar relief. In following that writ disposition, we, too, decline to exercise our supervisory jurisdiction.
 

 CONCLUSION
 

 For the foregoing reasons, the judgment sustaining the exception of no right of action as to the McClanahan companies is affirmed. Further, writ application 09-C-426 on behalf of the plaintiffs is denied, and the requests raised in Opposition to writ application 09-C-426 by the defendant are also denied.
 

 AFFIRMED.
 

 WRIT DENIED.
 

 [1]
 

 . Mr. Robert C. Lowe and his firm represented the defendant in the trial court case
 
 McClanahan v. McClanahan,
 
 No. 522-207. Following the Motion to Disqualify filed by the plaintiffs to remove Mr. Lowe as attorney of record for the malicious prosecution suit, the trial court granted the Motion. On writs, this Court and the Louisiana Supreme Court affirmed the trial court’s decision.
 

 [2]
 

 .
 
 Because the issues raised in this appeal and writ application number 09-C-426 are interrelated and arising out of the same district court case, writ application number 09-C-426 was consolidated with this appeal. The issues that were raised in the writ application will be addressed in this opinion.
 

 [3]
 

 .Although the plaintiffs, except Mr. McClana-han, were dismissed from the malicious prosecution suit through the trial court's granting of the defendant's Exception of No Right of Action by the time the writ was filed, all of the plaintiffs were classified as “Petitioners/Rela-tors'' in the writ.