FREDERICKA HOMBERG WICKER, Judge.
|2In this malicious prosecution proceeding, plaintiff/appellant, Jack McClanahan, *532 appeals a judgment granting summary-judgment in favor of the defendant/appel-lee, Susan Folse McClanahan, and dismissing his case. Mr. McClanahan sued his former wife, Ms. Folse, alleging malicious prosecution arising from a community property partition in which Mr. McClana-han prevailed in large part on his ex-wife’s reimbursement claims. Upon de novo review, we find that the seminal issues are these: (1) Was the granting of summary judgment premature because of outstanding discovery? (2) Was advice of counsel in this case, a complete defense to Mr. McClanahan’s action for malicious prosecution? For the reasons that follow, we affirm the granting of summary judgment. We conclude that the motion for summary judgment was not premature and advice of counsel was a complete defense to Mr. McClanahan’s action.
Procedural History
In the community property proceeding, Ms. Folse asserted claims for reimbursement of alleged community funds transferred to various companies. McClanahan v. McClanahan, 09-182, p. 2 (La.App. 5 Cir. 10/13/09), 27 So.3d 862, 863, writ denied, 09-2455 (La.1/29/10), 25 So.3d 833 (discussing procedural history). After the trial judge rendered judgment, Mr. McCla-nahan and Ms. Folse appealed. On appeal, we noted that the parties were married for 10 years; prior to the marriage, Mr. McClanahan had a net worth of between 40 and 60 million dollars and at the termination of the marriage he had a net worth of approximately 10 million dollars; Mr. McClanahan attributed this significant downturn primarily to the crash in the oil industry; during the course of the marriage Mr. McClanahan customarily engaged in numerous complicated business transactions; and, many of these transactions were through his primary company which, both parties agreed, he owned prior to the marriage, McClanahan Contractors. McClanahan v. McClanahan, 03-1178, p. 1 (La.App. 5 Cir. 2/23/04), 868 So.2d 844, 847, writ denied, 04-1175 (La.9/3/04), 882 So.2d 609. We affirmed certain of the trial court’s reimbursement awards to Ms. Folse and found no legal basis for the trial court’s reimbursement award for other claims made by Ms. Folse. See, e.g. McClanahan, supra, at 11-13, 15-16, 852-54.
In 2005, after the appeal, Mr. McClana-han filed a petition[1] alleging malicious prosecution.[2] Mr. McClanahan alleged as follows: that of the more than $10 million in reimbursement claims, $176,385.75 were found to be meritorious — less than 2% of the total amount claimed; Ms. Folse asserted a community property interest in Sterling Investments LLC, which was clearly found not to be community property; Ms. Folse did not have an honest belief *533 in the underlying |4facts or legal theories regarding the reimbursement claims and the community claim to the interest in Sterling Investments; Ms. Folse’s allegations were made with wanton and reckless disregard of his rights and with the intent to obtain an unfair advantage from him so that he would agree to pay more money in settling the community property partition; the lack of probable cause in making the reimbursement claims was evidenced in part by several statements made by this Court in its appellate opinion with respect to her claims in the community property partition;[3] Ms. Folse’s knowledge regarding the fact that the reimbursement claims had no legitimate factual or legal basis was evidenced by the fact that she offered to settle the community property proceeding for receipt of the home and $200,000; Ms. Folse made the multi-million-dollar reimbursement claims without probable cause in order to receive a favorable settlement; and, Ms. Folse asserted numerous claims for reimbursement without probable cause and with malice. Mr. McClanahan alleged that in several respects he suffered damages as a result of Ms. Folse’s baseless and malicious claims.
Ms. Folse raised, among other defenses, the defense that she relied on the advice of counsel in seeking the reimbursement claims. As a result, Mr. McClanahan sought to disqualify Ms. Folse’s counsel, Mr. Robert C. Lowe, who represented her in the partition matter. The trial court granted the motion in 2006.[4]
A few years later, Mr. McClanahan sought Mr. Lowe’s records and deposition. Mr. McClanahan urged that he had no alternative means of obtaining the communications and records regarding matters concerning the community property proceeding. He asserted that the information was not protected by a privilege or the work product rule since Ms. Folse waived the privilege by | ¿asserting the advice of counsel defense. On May 20, 2009, the trial court denied the request for the subpoena for the records but granted Mr. McClanahan leave to take Mr. Lowe’s deposition. Mr. McClanahan then sought writs. This Court found that the subpoena duces tecum was procedurally defective and that the remaining issues (privilege and work product) had not been presented to the trial court for determination. McClanahan v. McClanahan, 09-182, 09-426, pp. 4-7 (La.App. 5 Cir. 10/18/09), 27 So.3d 862, 865-66, writ denied, 09-2455 (La.1/29/2010), 25 So.3d 838.
Thereafter, Ms. Folse filed a motion for summary judgment urging that Mr. McClanahan could not carry his burden to prove all of the elements necessary to establish his claim. Additionally, she urged her advice of counsel defense, and attached supporting affidavits.
Mr. McClanahan opposed the motion and reurged his discovery requests, seeking a ruling regarding Ms. Folse’s alleged privileges. He opposed summary judgment in part as premature due to inadequate discovery. Mr. McClanahan conceded that he had been granted leave to depose Mr. Lowe but had not done so, urging that the deposition would be a futile exercise given opposing counsel’s assertion that the matter was privileged. Mr. McClanahan maintained that by pleading the advice of counsel defense, Ms. Folse placed Mr. Lowe’s testimony at issue and waived the attorney-client and work prod *534 uct privileges with regard to that testimony.
The trial judge granted the motion for summary judgment and dismissed the case. He also ruled that the discovery motions were therefore moot.
IfiAnalysis
We note at the outset that Mr. McClana-han raises three[5] specifications of error claiming legal error in the trial judge’s reasons for judgment, which are rendered moot by our de novo review. The applicable standard of review for an appellate court when reviewing a motion for summary judgment is that of de novo, using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750. A de novo review gives no weight to the trial court’s findings. Covington v. McNeese State University, 08-505, p. 3 (La.App. 3 Cir. 11/5/08), 996 So.2d 667, 669, writ denied, 09-0069 (La.3/6/09), 3 So.3d 491. Thus, we will not address whether the trial court applied incorrect law. Rather, we will fully conduct a de novo review and address the remaining issues: (1) The district court erred by failing to allow adequate discovery prior to ruling on the motion for summary judgment. (2) Even without allowing for adequate discovery, the circumstantial evidence in this case is sufficient to create genuine issues of material fact as to the presence of malice. (3) Summary judgment is seldom appropriate for determinations based on subjective facts.
We begin our analysis with the settled premise that actions for malicious prosecution have never been favored, and, in order to sustain them, a clear case must be established, where the forms of justice have been perverted to the gratification of private malice and the willful oppression of the innocent. Johnson v. Pearce, 313 So.2d 812, 816 (La.1975) (citation omitted).
[/There are six elements necessary to support a claim for malicious prosecution, and the lack of any one of these factors is fatal to such a claim. They are: 1) the commencement or continuance of an original criminal or civil judicial proceeding; 2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; 3) its bona fide termination in favor of the present plaintiff; 4) the absence of probable cause for such proceeding; 5) the presence of malice therein; and 6) damage conforming to legal standards resulting to plaintiff. McClanahan v. McClanahan, 09-182, p. 3 (La.App. 5 Cir. 10/13/09), 27 So.3d 862, 864, writ denied, 09-2455 (La.1/29/10), 25 So.3d 833 (citation omitted). Further, the action for malicious prosecution has always been applied only where there has been strict compliance with all essential elements. Id.
Here, Ms. Folse raised the advice of counsel defense.
In Eusant v. Unity Industrial Life Ins. & Sick Benefit Ass’n of New Orleans, 195 La. 347, 353, 196 So. 554, 556 (1940) (citations and internal quotation marks omitted), the Court recognized the well-settled rule that where a party has com *535 municated to his counsel all the facts bearing on the case of which he has knowledge, or could have ascertained by reasonable diligence and inquiry, and has acted upon the advice received honestly and in good faith, the absence of malice is established, the want of probable cause is negatived, and the action for malicious prosecution will not lie. Probable cause does not depend upon the actual state of the case in point of fact, but on the honest and reasonable belief of the party prosecuting. Id.
With these precepts in mind, we first consider whether the motion for summary judgment was premature.

{¡^Discovery

Mr. McClanahan argued that summary judgment was premature because discovery was inadequate as to the defense of advice of counsel, relying on his counsel’s, W. Christopher Beary’s, affidavit explaining his reasons for the inadequacy. Mr. McClanahan argued that Mr. Lowe’s file was the only source of information regarding Ms. Folse’s defense. He stated that Ms. Folse could not simply testify that she relied on advice of counsel without testifying to the substance of that advice; the correspondence she received from counsel; and, the notes from meetings with counsel. Mr. McClanahan also urged that he needed to question Mr. Lowe about his thoughts, impressions, research, and advice. He argued that without knowing the advice given, when it was given, and the analysis supporting that advice (what was known or should have been known about the legal theories and relevant facts), it was impossible to ascertain Ms. Folse’s motives and whether there was any legitimacy to the claims.
La.C.C.P. art. 966(C)(1) provides: “After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.”
A defendant’s motion for summary judgment may be made at any time. La. C.C.P. art. 966(A). This Court has found that La. C.C.P. art. 966 does not give parties an absolute right to delay a decision on a motion for summary judgment until all discovery is complete. Musa v. Litton-Avondale Industries, Inc., 10-627, p. 13 (La.App. 5 Cir. 3/29/11), 63 So.3d 243, 251, writ denied, 11-1256 (La.9/23/11), 69 So.3d 1163 (citation omitted). Yet, the law does require that parties be given a fair opportunity to present their claim. Id. It is within the trial court’s wide discretion to render a summary judgment, if appropriate, or to allow further discovery. Id. Unless a plaintiff shows a probable injustice a suit should not be |3delayed pending discovery when it appears at an early stage that there is no genuine issue of fact. Simoneaux v. E.I. du Pont de Nemours and Co., Inc., 483 So.2d 908, 913.
In this case, Mr. McClanahan seeks further discovery but he did not avail himself of the opportunity to depose Mr. Lowe. Furthermore, the answers Mr. McClana-han seeks were provided by affidavits attached to Ms. Folse’s motion for summary judgment, including Mr. Lowe’s affidavit in which he attached his post-trial memorandum from the partition proceeding. Mr. Lowe, Ms. Folse, and Mr. Harold A. Asher (Ms. Folse’s CPA) attested that Ms. Folse provided no information or input regarding the reimbursement claims. Rather, the reimbursement claims were based on analysis and theories of and by Mr. Lowe and Mr. Asher based on the law and the documents provided (and not provided) by Mr. McClanahan. In Mr. Lowe’s professional opinion, these claims were not baseless or without probable cause. He provided his post-trial memorandum to show his *536 thoughts, impressions, research, and advice to. Ms. Folse.
In these unique circumstances where the basis for the attorney’s advice came from documents provided by Mr. McClanahan rather than from Ms. Folse, any further discovery involving the attorney’s files and deposition (even assuming these are non-privileged) would be irrelevant. The partition proceeding rested on technical claims and expert testimony. This case is distinguishable from cases in which the client, who is relying on an advice of counsel defense, misrepresents facts to counsel. See, e.g. Bladg v. Giacomino, 170 La. 638, 128 So. 661, 662 (La.1930). (“The fact that defendant, in a suit for damages for malicious prosecution, acted under advice of counsel, is of no excuse if the advice was given upon his misrepresentation of the circumstances of the case.”). Since the unrefuted basis for the attorney’s advice came from documents provided by Mr. McClanahan rather | inthan from Ms. Folse, Ms. Folse could not have misrepresented the facts upon which her attorney relied.
Further, Mr. McClanahan has not demonstrated how additional discovery would have altered the outcome of this claim since Ms. Folse’s reimbursement claims did not rest on her representation to counsel. We find that under these circumstances, Mr. McClanahan failed to show a probable injustice to warrant a delay pending discovery. See: Simoneaux v. E.I. du Pont de Nemours and Co., Inc., supra.
We now turn to the remaining specifications of error.

The Summary Judgment

An appellate court asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Smith, supra. A motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, show that there is no genuine issue of material fact such that the mover is entitled to judgment as a matter of law. Audubon Trace Condominium Ass’n, Inc. v. Brignac-Derbes, Inc., 05-715, p. 6 (La.App. 5 Cir. 2/27/06), 924 So.2d 1131, 1134, citing La.C.C.P. art. 966(B).
Facts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute. Id. (Citations omitted).
On appeal, Ms. Folse urges that although the trial court did not address it in his reasons, reliance on the advice of counsel is an absolute defense, and it negates the presence of probable cause and malice. She states, however, that the trial court did not base its ruling on this defense, and it did not have to, as her other defenses | nwere sufficient to support the granting of summary judgment. Nevertheless, she urges that this Court is not precluded from considering her advice of counsel defense. Since we are conducting a de novo review, we give no weight to the trial court’s findings.
Upon de novo review, we find that the record shows conclusively that the defense of advice of counsel was established by Ms. Folse as a matter of law. Ms. Folse provided supporting affidavits to show that she provided no information or input regarding the reimbursement claims. Mr. McClanahan corroborated the attestation that Ms. Folse relied on advice of counsel in his opposing affidavit. In his affidavit in opposition to the motion for summary judgment, Mr. McClanahan attested that Ms. Folse told him that she would seek her *537 lawyer’s advice to determine the reasonableness of her claims.
Moreover, Mr. Lowe’s advice that in his professional opinion as a Board Certified Family Law Specialist and author of Louisiana Divorce, the claims were not baseless or without probable cause was evident from his post-trial memorandum. For example, Mr. Lowe relied on the law at the time that required Mr. McClanahan to rebut the strong presumption that property was not community property by proof that was fixed, clear, positive and legally certain, citing La.C.C. art. 2340 and Luffey v. Luffey, 572 So.2d 1045, 1049 (La.App. 2 Cir.1990), writ denied, 577 So.2d 50 (La.1991) (citations omitted).[6]
Furthermore, Ms. Folse consulted an experienced attorney in this area. Thus, she was justified in her belief in his competency and was in good faith in relying on his advice. In Brooks v. Bank of Acadia, 138 La. 657, 70 So. 573, 575 (La.l916), the Louisiana Supreme Court held: “Advice of counsel, even though erroneous, on questions of law, when accepted and acted on by the client in good faith, is a shield against charges of malice and bad faith.”[7] Therefore, the defense of advice of counsel does not depend on whether this Court found legal support lacking for the issues raised by Mr. Lowe in the partition appeal.
Moreover, although summary judgment is seldom appropriate for determinations based on subjective facts of motive, intent, good faith, knowledge or malice; it may be granted on a subjective issue when no issue of material fact exists concerning that issue. Smith, supra, 639 So.2d at 751. In this case, we find no issue of material fact exists.
Conclusion
Accordingly, for the reasons stated, the judgment is affirmed.

AFFIRMED

. Although Ms. Folse sought to have the instant malicious prosecution suit transferred from the division to the division that handled the community property partition, the court denied the transfer. Mr. McClanahan filed a motion in this Court seeking supplementation of the appellate record with the motion and denial. Ms. Folse opposed the supplementation urging that the pleadings were not part of this record. We granted the motion to supplement. The pleadings, however, are cumulative since these documents were already contained in the prior appellate record, which is an exhibit to the record on appeal. These documents were attached to Ms. Folse's reply memorandum filed on January 29, 2008 and attached to that memorandum.

. In a prior appeal in the malicious prosecution case, McClanahan v. McClanahan, 09-182, 09-426 (La.App. 5 Cir. 10/13/09), 27 So.3d 862, writ denied, 09-2455 (La.1/29/2010), 25 So.3d 833, this Court affirmed the judgment sustaining the exception of no right of action finding that the ex-husband's companies were not proper parties plaintiff to the ex-husband’s action against the ex-wife for malicious prosecution.

. See, e.g. McClanahan, supra, at 11-13, 15-16, 852-54.

. This Court denied writs. McClanahan v. McClanahan, 07-83 (La.App. 5 Cir. 3/5/07) (unpublished), writ denied, 07-0577 (La.5/4/07), 956 So.2d 619.

. He asserts the following: (1) The district court erred by weighing the evidence to arrive at the conclusion that Ms. Folse lacked malice during the partition proceeding. (2) The district court erred as a matter of law in finding that no malicious prosecution suit can arise out of reimbursement claims previously asserted in a community property partition. (3) The district court erred in finding that the plaintiff had to allege wrongful conduct during the partition proceeding in order to sustain a claim for malicious prosecution after the conclusion of the partition proceeding.

. After the partition proceeding was tried, and before this Court decided the appeal, the Louisiana Supreme Court changed the proof standard. In Talbot v. Talbot, 03-0814 (La.12/12/03), 864 So.2d 590, 600, the Court held: "As a matter of public policy and in the interest of fairness, we find that the community presumption contained in article 2340 is rebuttable by either spouse upon a showing by a preponderance of the evidence the separate nature of property brought into the community.”

. Accord: Brodrib v. Doberstein, 107 Conn. 294, 140 A. 483, 484-85 (Conn.1928) (citations omitted) ("Advice of counsel is a complete defense to an action for malicious prosecution when it appears that the defendant made the complaint relying in good faith on such advice, given after a full and fair statement of all the facts within his knowledge, or which he was charged with knowing, and the fact that the attorney’s advice was unsound or erroneous will not affect the result.”).