NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 12-873

DONALD DOMINGUE

VERSUS

PEGGY SUE WAGNER

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20115709
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of John D. Saunders, Phyllis M. Keaty, and John E. Conery, Judges.

AFFIRMED.

Diane Sorola
Attorney at Law
402 West Convent Street
Lafayette, Louisiana 70501
(337) 234-2355
COUNSEL FOR DEFENDANT/APPELLEE:
    Peggy Sue Wagner

**Adam G. Young**
**Attorney at Law**
**315 South College Road, Suite 163**
**Lafayette, Louisiana  70503**
**(337) 261-8800**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
       **Donald Domingue**

**Peggy Sue Wagner**
**In Proper Person**
**513 Brentwood Boulevard**
**Lafayette, Louisiana  70503**

**CONERY, Judge.**

Plaintiff appeals a judgment of the trial court dismissing *sua sponte*, with prejudice, his Petition for Damages based on a claim for civil malicious prosecution without allowing Plaintiff the opportunity to amend his Petition to state a cause of action. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

The parties to this litigation, Donald Domingue (Domingue) and Peggy Sue Wagner (Wagner), were married on December 31, 2000, and were divorced by Judgment on May 28, 2010. The divorce proceedings were acrimonious, and a Judgment of Partition of Community Property was perfected on December 2, 2010. That judgment was executed by the court on January 4, 2011.

On January 14, 2011, Wagner, on the advice of Chief of Police, Jim Craft, (Police Chief Craft) filed a Temporary Restraining Order Petition (TRO Petition) pursuant to La.R.S. 46:2134, the Protection from Family Violence Act, in the Fifteenth Judicial District Court. Wagner claimed that Domingue was verbally abusing her via the internet, including sending inappropriate e-mails to her friends at their workplace; continuously calling and then blocking the calls; texting her friends and children in an attempt to have Wagner contact him to renegotiate the partition agreement; and threatening her with legal action if she did not acquiesce to his demands.

Wagner also claimed that Domingue was stalking her and that she was afraid he would show up at her workplace functions and cause a scene. Domingue was aware of Wagner's schedule, as evidenced in his e-mails, and Wagner claimed that Domingue had recently appeared at a restaurant where she was dining with her son, sitting near their table. Additionally, Wagner claimed Domingue was using Facebook to harass her by posting ugly remarks intentionally designed to disparage

Wagner. In her TRO Petition, Wagner further alleged: "He shows up places I go. I feel like he is following me. He scares me and it is creepy. I just want to be left alone and have no contact with him."

A hearing on Wagner's TRO Petition was held on March 21, 2011, before a district court judge of the Fifteenth Judicial District Court, Parish of Lafayette. The district judge declined to issue protective orders and/or an injunction in favor of Wagner against Domingue.

On September 27, 2011, Domingue filed a Petition for Damages for civil malicious prosecution based on the denial by the district court judge of Wagner's request for protective orders and/or an injunction against Domingue. In his Petition, Domingue alleged that the January 14, 2011 TRO Petition was filed by Wagner in retaliation for an earlier suit filed by Domingue against Wagner in Lafayette City Court seeking damages arising out of alleged defamatory internet comments made by Wagner against Domingue. The Domingue defamation suit is presently pending under Lafayette City Court Docket No. 2010-CV-03087. Domingue asserted in his malicious prosecution suit that the claims made by Wagner in her TRO Petition were false and/or did not support the relief sought by Wagner. Domingue further asserted that the denial of the protective orders and/or injunction by the district court judge met the required elements for a civil claim of malicious prosecution under Louisiana law and entitled him to damages relating to harm to his reputation in the community, as well as mental and emotional damages.

Wagner filed an Answer to Domingue's Petition for Damages in which she admitted she filed her TRO Petition for protection from Domingue shortly after the father of her child, Blythe Fredrick (Fredrick), filed a TRO Petition on behalf of Fredrick against Domingue. The TRO Petition against Domingue on behalf of

Fredrick was granted on March 21, 2011, by the district court, also in Docket No. 2010-8268.

Wagner further answered that she believed at the time of filing the TRO Petition in Docket No. 2010-8268, and she continues to believe, Domingue's actions present a real threat and present a real danger to her safety. Wagner additionally averred that she filed the January 14, 2011 TRO Petition at the suggestion of members of the Lafayette Police Department in order to stop the threats, harassment, and stalking by Domingue. Wagner also included in her Answer a Reconventional Demand against Domingue for intentional infliction of emotional distress and mental anguish for the filing of his Petition for Damages claiming malicious prosecution.

Domingue then responded by filing an Exception of No Cause of Action, seeking to dismiss Wagner's Reconventional Demand on the basis that she failed to allege sufficient facts to support her claim of intentional infliction of emotional distress. The hearing on Domingue's Exception of No Cause of Action was set for April 23, 2012. On April 18, 2012, in response to Domingue's exception, Wagner sought leave to file what was styled as Defendant's Amended Reconventional Demand, seeking to support and give specific examples of Domingue's behavior toward Wagner.

Following the hearing on April 23, 2012, the trial court, on its own motion, dismissed Domingue's Petition for Damages with prejudice, granted Domingue's Exception of No Cause of Action, and thereby dismissed Wagner's Reconventional Demand with prejudice, and assessed the costs equally between the parties. In a separate Order dated April 23, 2012, the trial court denied as moot Wagner's request to file her Amended Reconventional Demand.

Domingue now appeals, asserting that the trial court erred in dismissing *sua sponte* his Petition for Damages claiming malicious prosecution. Domingue claims

Louisiana law allows a cause of action for malicious prosecution arising out of a civil proceeding. He further asserts the trial court erred in refusing to allow him an opportunity to amend his Petition for Damages, as an amendment would have cured the defect in his pleadings.

Wagner responded to Domingue's appeal as a *pro se* litigant, filing a letter with attached e-mail correspondence from Domingue. The e-mail correspondence is not part of the record on appeal. Wagner did not, however, seek appeal of the trial court's ruling granting Domingue's Exception of No Cause of Action dismissing her Reconventional Demand for intentional infliction of emotional distress or dismissing as Moot her Motion for Leave to File An Amended Reconventional Demand.

## DISCUSSION

The standard of review when an appellate court is presented with an exception of no cause of action is well-settled. The supreme court, in *Ramey v. DeCaire,* 03–1299, pp. 7–8 (La. 3/19/04), 869 So.2d 114, 118–19 (citations omitted), stated the following:

> A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. No evidence may be introduced to support or controvert an exception of no cause of action. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.

> Louisiana has chosen a system of fact pleading. Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition. However, the mere conclusions of the plaintiff unsupported by facts does not set forth a cause of action.

> The burden of demonstrating that the petition states no cause of action is upon the mover. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a de novo review because the exception raises a question of law

and the lower court's decision is based solely on the sufficiency of the petition. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief.

Domingue asserts that the trial court erred in dismissing *sua sponte*, his Petition for Damages based on a failure to state a cause of action for civil malicious prosecution. We agree that La.Code Civ.P. art. 1672(B) provides no statutory authority for the trial court's raising on its own motion and then granting an involuntary dismissal. An involuntary dismissal usually comes at the conclusion of an evidentiary hearing. Here, the trial court granted a *sua sponte* dismissal of Domingue's petition. The trial court had authority to dismiss Domingue's petition based on its own properly raised peremptory exception of no cause of action as provided for under La.Code Civ.P. art. 927(A)(5). As noted in La.Code Civ.P art. 927(B), "the failure to disclose a cause of action . . . may be noted by either the trial or appellate court on its own motion." A fair reading of the record shows that the trial court dismissed Domingue's suit based on its reading of the exhibit attached to Domingue's petition, i.e., Wagner's protective order petition. The trial court found that Wagner's TRO petition, even though denied, was based on legitimate grounds. Thus, Domingue had no cause of action against Wagner for civil malicious prosecution.

## *Malicious Prosecution Arising From A Civil Action*

Louisiana law does recognize a cause of action for malicious prosecution arising out of a civil action. It is well settled, however, that actions for malicious prosecution have never been favored, and, in order to sustain them, a clear case must be established. Malicious prosecution occurs when "the forms of justice have been perverted to the gratification of private malice and the willful oppression of the innocent." *McClanahan v. McClanahan,* 11-284, p. 6 (La.App. 5 Cir. 12/28/11), 82

So.3d 530, 534 (*citing Johnson v. Pearce*, 313 So.2d 812, 816 (La.1975) (citation omitted)).[1]

Louisiana courts have held that the following six elements are necessary to support a claim for malicious prosecution, and the lack of any one of these factors is fatal to such a claim: 1) the commencement or continuance of an original criminal or civil judicial proceeding; 2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; 3) its bona fide termination in favor of the present plaintiff; 4) the absence of probable cause for the proceeding; 5) the presence of malice therein; and 6) damage conforming to legal standards resulting to plaintiff. *McClanahan II,* 82 So.3d 530; *McClanahan v. McClanahan,* 09–182, (La.App. 5 Cir. 10/13/09), 27 So.3d 862, *writ denied,* 09–2455 (La.1/29/10), 25 So.3d 833 (citation omitted).[2] Further, the action for malicious prosecution has always been applied only where there has been strict compliance with all essential elements. *Id.*

During the hearing on April 21, 2012, the trial court questioned Domingue's ability to meet the requirement of "the absence of probable cause for the proceeding." *McClanahan II,* 82 So.3d at 534. In this case, the alleged probable cause for Domingue's cause of action for malicious prosecution was Wagner's TRO Petition and the subsequent denial by the trial court of Wagner's request to issue a protective order and/or injunction against Domingue. Probable cause depends not upon the actual state of the case in point of fact, but on the honest and reasonable belief of the party seeking the protective order. *Eusant v. Unity Indus. Life Ins. & Sick Benefit Ass'n of New Orleans,* 196 So. 554 (La.1940).

It is clear to this court, after a review of the record, and more specifically the TRO Petition, that Wagner's claim that she feared for her safety was based on an

---

[1] Hereinafter referred to as *"McClanahan II."*
[2] Hereinafter referred to as *"McClanahan I."*

honest and reasonable belief. Further supporting this conclusion is the fact that she sought the help of Police Chief Craft, who advised her to seek the TRO Petition in order to get a protective order. Wagner's "honest and reasonable belief," stated in her sworn affidavit in support of her petition for a TRO, negates Domingue's ability to prove one of the required elements of civil malicious prosecution, i.e., element four (4), which requires, "the absence of probable cause for the proceeding." *McClanahan II,* 82 So.3d at 535.

Louisiana Constitution Article 1, § 6 gives all Louisiana citizens the right to seek proper redress in our courts and provides: "All courts shall be open, and every person for injury done him in his rights, lands, goods, person or reputation shall have adequate remedy by due process of law and justice administered without denial, partiality or unreasonable delay."

The fact that the judge assigned to hear Wagner's TRO Petition did not issue the protective order she sought does not mean that the petition was groundless and filed in bad faith. The trial judge hearing the TRO made no such finding. Although the trial court in this case did not spell out the exact basis for its *sua sponte* granting of the exception of no cause of action dismissing Domingue's civil "malicious prosecution" lawsuit, it is clear from its statements to the parties and counsel in its reasons that the trial court believed that Wagner had not filed her TRO Petition in bad faith:

> MR. YOUNG: The malicious prosecution case is specifically in response to the petition which was filed – which was found to be baseless, which we believe we proved –
>
> THE COURT: No, no. See, you use baseless; and it was denied. Judge Castle didn't say baseless, did she?
>
> MR. YOUNG: No. I don't know if she said the word baseless; but a review of the minutes will show that she finds that nothing that was complained of rose to the level of requiring protection.

7

THE COURT: Exactly what I just said. It doesn't mean it's baseless. It just means that it doesn't rise to the level of what we are mandated under the statute of the protective order of saying, Okay, I hear what you are saying, but that really doesn't get you to the point of when I can issue a protective order.

Moreover, in this case, the record is clear that Wagner consulted Police Chief Craft, and on his advice applied for the TRO in this case. Wagner is, thus, also immune from a suit for civil malicious prosecution based on her qualified immunity discussed by the Louisiana Supreme Court in *Jones v. Soileau,* 448 So.2d 1268 (La.1984) and *Johnson v. Pearce,* 313 So.2d 812 (1975). This court in *Blackwell v. Blackwell,* 479 So.2d 1085 (La.App. 3 Cir. 1985) recognized the concept of qualified immunity for a party who files charges after seeking the advice of a legal official, but found it did not apply under the facts of that case. The trial court's ruling does not mention "qualified immunity," but since the doctrine is a legal concept, it can be recognized as applicable in this case. In any event, the trial court's ruling granting *sua sponte* an exception of no cause of action and dismissing Domingue's suit was not "manifestly erroneous" and is affirmed.

### *Right to Amendment of Pleadings*

The trial court dismissed Domingue's suit based on its finding that Wagner's TRO Petition was not filed in bad faith and was not "baseless." Thus, the trial judge found that Domingue was not able to satisfy element four (4) of a cause of action for civil malicious prosecution, i.e., "the absence of probable cause for the proceeding." *McClanahan II,* 82 So.3d 530, 534. An amendment to the petition cannot cure the defect.

### CONCLUSION

For the forgoing reasons, we affirm the trial court's judgment dismissing Donald Domingue's Petition for Damages with prejudice. Because no appeal was filed by Peggy Sue Wagner, the trial court's ruling granting Donald Domingue's

Exception of No Cause of Action, thereby dismissing Peggy Sue Wagner's Reconventional Demand with prejudice is final. Moreover, as no appeal was filed by Wagner, the trial court's dismissal as moot of Wagner's Motion for Leave to File Amended Reconventional Demand is also final. All costs of this appeal are assessed against the Appellant, Donald Domingue.

**AFFIRMED.**